495 So.2d 1001 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jarvis Dale CHAPMAN, Defendant-Appellant.
No. K86-416.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Rehearing Denied October 23, 1986.
Writ Denied December 19, 1986.
*1002 Wendell R. Miller, Dist. Atty., Jennings, for defendant-appellant.
Charles L. Bull, Jr., Welsh, Stewart Thomas, Thomas & Cassidy, Jennings, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
YELVERTON, Judge.
We granted the state's application for writs to review whether the trial court was correct in dismissing this second degree murder prosecution for the failure of the state to commence the second trial within one year from the date a new trial was granted.
The defendant, Chapman, was indicted (prosecution instituted) October 19, 1981, for the second degree murder of Reverend W.O. Bowman. He pleaded not guilty and not guilty by reason of insanity. He was tried and the jury found him guilty as charged. Sentencing was set for July 23, 1982, and on that date defendant filed a motion for a new trial and the trial court (Honorable H. Ward Fontenot, assigned to the case by the Louisiana Supreme Court) took the motion under advisement.
On March 11, 1983, Judge Fontenot granted the defendant a new trial. The oral reasons given at the time show that the underlying basis for the grant of a new trial was because the judge was troubled by the trial evidence regarding the defendant's plea of insanity.
After the grant of the new trial on March 11, 1983, the state twice unsuccessfully applied to this court for writs attacking the grant of a new trial. Thereafter, it fixed the case for the second trial on March 10, 1986. The defendant then filed a motion to quash pleading prescription under La.-C.Cr.P. art. 582, the statute which provides the time period, in this case one year, within which the state must commence the second trial when the defendant obtains a new trial.
Granting the motion to quash, the district court (the duly elected judge of this district presided at this hearing) noted that the state had not caused a second trial to commence within one year from March 11, 1983, and found that no interruptions or suspensions had occurred. The court ordered the dismissal of the indictment and the defendant's release from custody.
After a careful review of the record, the applicable statutes, and the jurisprudence, we find that the district court was correct in granting the motion to quash.
The state's present argument relies on an interruption of the one year prescription, an interruption which it contends still exists today. A relation of the detailed procedural events of this case is necessary to an understanding of the state's argument. The present writ application is the third filed by the state since the new trial was ordered on March 11, 1983. We will discuss the prescription issue in the context of those applications.

The First Writ Application
This application, dated May 13, 1983, attacked the trial judge's order of March 11, 1983, granting a new trial. We granted a writ ordering the record brought up so that we could give a full review to the issues raised by that application. A majority of a three judge panel of this court found that because the trial judge's stated reasons for granting a new trial were unclear, the matter should be remanded for the trial judge to make clear whether his ruling was an application of the now familiar Jackson v. Virginia standard [443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ] (the evidence was insufficient to convict), or a grant of a new trial under C.Cr.P. art. 851(1) or C.Cr.P. art. 851(5) (the ends of justice). Our reasons for remand are reported in State v. Chapman, 438 So.2d 1319 (La. App. 3rd Cir.1983). We said, at page 1324:
"Therefore, because of our inability to determine exactly what standard and reasons the trial court applied, the case *1003 shall be remanded to the trial court for further clarification on whether the ruling was based on his finding the evidence insufficient to convict under 851(1) or in his capacity as a thirteenth juror under 851(1) or 851(5). If he acted as a thirteenth juror and simply disagreed with the jury verdict, then the defendant shall be retried. If he applied Jackson and found the evidence insufficient, then Hudson v. Louisiana [450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981)], supra, prevents retrial and the defendant shall be acquitted. If he found the evidence insufficient but did not view the evidence in the light most favorable to the prosecution as required by Jackson, then there was error of law and the motion must be reconsidered.
DECREE
"We, therefore, remand this case to the trial court for further proceedings not inconsistent with this opinion.
REMANDED WITH INSTRUCTIONS."
The case was remanded on October 12, 1983. On December 28, 1983, Judge Fontenot handed down a written opinion declaring it was his intention to grant a new trial under C.Cr.P. art. 851(5), to further the ends of justice. This opinion was filed into the record in the district court on February 24, 1984.

The Second Writ Application
One month later on March 26, 1984, the state delivered an application to this court based again on the argument that Judge Fontenot abused his discretion in granting the new trial on the ground that the ends of justice would be served under C.Cr.P. art. 851(5). This second application failed to fully comply with Rule 4-5 of the Uniform RulesCourts of Appeal, and on that same date this court notified the state that the writ application would not be filed until the specified missing items to support the application were furnished. The missing items were received by this court on June 26, 1985, fifteen months later. That was the date the writ application was accepted and filed in this court. It was assigned to a three judge panel and on September 11, 1985, the application was denied in the following language:
"WRIT DENIED. The trial court's grant of a new trial under C.Cr.P. art. 851(5) is not subject to review by this court. La.Const. Art. 5, Sec. 10(B) and C.Cr.P. art. 858."

The Present Writ Application
The third, and present writ application, was filed on June 2, 1986, after the motion to quash was heard and granted by the district court. The thrust of the State's argument now appears to be that when we remanded the matter on October 12, 1983, "for further proceedings" with instructions to the trial court to clarify its reasons, and when the Third Circuit never thereafter rendered a definitive answer based on the trial judge's "clarification" (unless our denial of writs on September 11, 1985, could be so interpreted), the Third Circuit either "deliberately or inadvertently" left the case in limbo until the present (or at the earliest September 11, 1985), and the clock has never started to run on the prescriptive year until a response comes forth from this court. In other words, the state's position is that this court has yet to finalize its consideration of the first writ application. It argues that something more was required from this court after Judge Fontenot issued his clarification opinion. The State complains that its hands have been tied since late 1983 when this court remanded the case, during all of which time it could neither retry the defendant nor take writs to the Louisiana Supreme Court. We are provided no explanation for the State's declaration of why it perceives that it has been without right to ask the Supreme Court to exercise its supervisory jurisdiction over our decision to remand, and we dismiss that notion without further discussion.

The Statutory Period of Limitation
The Code of Criminal Procedure provides certain prescriptive periods, or periods of *1004 limitation, on the trial of an accused. The subject of time limitations between the date of institution of the prosecution and the commencement of trial is treated by Article 578, limiting capital cases to three years, other felonies to two, and misdemeanors to one. Like all prescriptions, these periods are subject to interruption, the causes of which are listed in Article 579. The following article, C.Cr.P. art. 580, also provides for a suspension of the Article 578 prescriptive periods when a defendant files a motion to quash or other preliminary plea, the suspension to last until the ruling of the court thereon; the suspension benefit here given the state further protects it by providing that in no case shall the state have less than one year after the ruling to commence the trial.
The time limit between a new trial, or a mistrial, and the commencement of the second trial, is addressed by Article 582. This article requires the state to commence the second trial within one year from the date that the new trial is granted, or the mistrial is ordered, unless the applicable time limit established by Article 578 has not yet expired, in which event the state has until the expiration of the longer period allowed by Article 578.
The limitation on a new trial, or mistrial, established by Article 582 is, pursuant to Article 583, made subject to the Article 579 causes for interruption. Also, the case of State v. Falkins, 395 So.2d 740 (La.1981) holds that the Article 582 limitation on a new trial or mistrial must be read and applied together with Articles 578, 580, 581 and 583. Thus, the Article 582 limitations are subject to suspension as well as prescription, the same as are the time limitations between the date of institution of the prosecution and the commencement of trial.
When a district court (as opposed to an appellate court), grants a new trial, the Article 582 one year begins to run from the date the new trial is granted. State v. Brown, 451 So.2d 1074 (La.1984). The new trial in the present case was granted by the district court on March 11, 1983, and the one year prescriptive period began to run from that date. The time limitation expired one year later unless something happened in the meanwhile to interrupt or suspend it.
The causes of interruption of the time limitation are listed in Article 579, as follows:
"Art. 579. Interruption of time limitation
"A. The period of limitation established by Article 578 shall be interrupted if:
"(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
"(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
"(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record. * * *"
Article 580 allows for the suspension of time limitations. It reads:
"When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial."

In This Case There Was No Interruption or Suspension
The suspension provided by Article 580 occurs only upon the filing of a motion or other preliminary plea by a defendant. The state cannot use this article to support its argument that its own writ application seeking to review the trial judge's granting of a new trial suspended the running of time.
Of the three causes of interruption listed in Article 579, the first and third *1005 cannot apply because the defendant has been continuously in the custody of the state since the time of his arrest.
The state presently relies on the article's second cause of interruption, which excuses the trial's delay "for any cause beyond the control of the state." The state argues that the reason it has never commenced the second trial is because this circuit has never finally acted on its initial writ application.
This argument fails for several reasons. First, the filing of a writ application by the state to overturn a trial court's grant of a new trial is not a statutory cause of interruption or suspension of the trial time limitation. An application for writs by the defendant would have been an interruption, as in State v. Walgamotte, 415 So.2d 205 (La.1982), but not an application by the state, C.Cr.P. arts. 579 and 580. Second, the state has been free to bring the defendant to the second trial at any time since March 11, 1983, the date the new trial was granted. Third, this court's ruling on the state's first writ application was final, holding that after remand with instructions:
"If he [the trial judge] acted as a thirteenth juror and simply disagreed with the jury verdict, then the defendant shall be retried."
The trial court's clarification ruling filed February 24, 1984, making clear that he was acting as a thirteenth juror, put at rest any uncertainty as to the effect of the March 11, 1983, trial court order (i.e., an acquittal or a new trial). Fourth, even if we were to hold that the first writ application somehow interrupted prescription perhaps by regarding it as a measure that benefited the defendant because it resulted in a possibility (dependent on the trial judge's clarification ruling) of an acquittalthe interruption ceased no later than February 24, 1984, with the trial judge's clarification ruling. The State did not begin the new trial within one year from that date; indeed, it did not fix the second trial until over two years later on March 10, 1986. During that interval the only change in the procedural circumstances of the case was the second writ application filed in June 1985 by the state again attacking the new trial as an abuse of discretion. This application did not interrupt prescription.
The jurisprudence reveals that the purpose of the statutory scheme dealing with interruptions or suspension of time limitations on trial is:
"... to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite period of time...."
State v. Theard, 212 La. 1022, 34 So.2d 248 (1948); State v. Walgamotte, 415 So.2d 205 (La.1982). Moreover, the case law, as well as the statutes, demonstrate that to interrupt or suspend requires action or inaction by the defendantfor example, escape or absence, or the defendant's filing of motions or pleadings which delay the prosecution. See State v. Brown, 451 So.2d 1074 (La.1984); State v. Walgamotte, 415 So.2d 205 (La.1982); State v. Washington, 430 So.2d 641 (La.1983); State v. Williams, 414 So.2d 767 (La.1982); State v. Devito, 391 So.2d 813 (La.1980); State v. Driever, 347 So.2d 1132 (La.1977).
The state bears the heavy burden of showing that it is excused from trying an accused on a charge later than the period mandated by the time limitation statutes. State v. Devito, 391 So.2d 813 (La. 1980). The state's belief that the grant of a new trial was wrong and its zealous efforts to overturn it do not excuse the State from affording the accused a trial within the delay required by law. We agree with the trial judge that the state has failed to carry its heavy burden of showing that it was unable to act or prevented from acting to commence the new trial.
Upon the expiration of the time limitations on trial, if the defendant files a motion to quash, the court is bound to dismiss the indictment. C.Cr.P. art. 581. That is what happened in the present case. We affirm.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.
*1006 DOMENGEAUX, Judge, concurring.
Although I vigorously disagreed with the original granting of a new trial in this case (see my dissent on the subject commencing at page 1324, 438 So.2d) I feel, under the circumstances presented now, that prescription has tolled, and accordingly I concur in the result reached here.