YELVERTON, Judge.
The defendant, John Dartez, was convicted of several counts of carnal knowledge of a juvenile and sexual battery. The substantial issue on his appeal is whether the district court erred in overruling a motion to quash, made prior to trial, based upon the limitations upon trial provisions of La. C.Cr.P. arts. 578-581. The grand jury indictment charging the defendant with these offenses, violations of La.R.S. 14:80 and R.S. 14:43.1, was handed down on July 30, 1985. This was the date the prosecutions were instituted. These violations are non-capital felonies. The statutory time limitation upon the commencement of trial of non-capital felonies is two years. La.C. Cr.P. art. 578(2). The defendant was not brought to trial until February 9, 1988, two years and six months after the indictment. We hold that the trial court’s denial of the motion to quash was error. We reverse the trial court ruling, grant the motion to quash, La.C.Cr.P. art. 581, and order the defendant discharged from custody.

Procedural Facts

The victim in this case was the defendant’s twelve year old daughter, Nicole Dar-tez. There were no eyewitnesses, and no other substantial direct evidence of the crime besides the testimony of Nicole Dar-tez. Her testimony was essential to the state’s case.
The first time the case was set for trial was July 7, 1987, which was within the two year limitation. The state advised the court that Nicole was not present for trial; that she was in the custody of the Louisiana Department of Health and Human Resources (DHHR), where the subpoena for her attendance as a witness had been served; and that she had been missing for an undetermined time. The state then moved for a continuance. The defendant opposed the continuance. The trial judge granted the continuance, saying “[Wje’re going to grant a continuance this one time. I wouldn’t suggest it in the future.”
The next trial date was August 11, 1987. A different judge presided. The transcript of the proceedings on that date indicates that Nicole had again been served through the DHHR, but that she was still missing. However, this record does show that at some unspecified time between July 7 and August 11, Nicole had called one of the DHHR case workers. No further details about that contact appear in the record, nor is there any indication as to what efforts the state had been making during the interim to get Nicole into court. At this hearing nothing was said to suggest what the state did, if anything, between July 7 and July 30, 1987, to locate Nicole.
When the case was called for trial on August 11 and Nicole was not present, the state again moved for a continuance. The defendant filed a motion to quash, in accordance with C.Cr.P. art. 581, on the basis of prescription of two years. Another judge in that district heard the motion to *741 quash, and denied it. His oral reasons for the denial indicated that he believed that the defendant could not be tried because of Nicole’s absence, and that this interrupted the time limitations upon trial as a “cause beyond the control of the state,” La.C.Cr.P. art. 579. This judge calculated that when Nicole’s absence was discovered on July 7, 1987, the state had 23 more days (until July 30, 1987, two years from the institution of the prosecution) to commence the trial, and that the time limitation went into suspension on that date (July 7). The judge said: “Once she is picked up, you will have 23 days to bring the case to trial.” (This calculation of the effect of the interruption was error, but we make no further comment as to that because that error is not the basis for our reversal.)
The third trial date was February 9, 1988. When the case was called that morning, again Nicole was not there. The state moved for another continuance. This time a testimonial hearing was conducted. Annette Richardson, a DHHR foster care worker, testified that 20 days earlier on January 20, Nicole contacted her by telephone for information about the trial and said she wanted to turn herself in. On January 25, DHHR took her back into custody. Ms. Richardson testified that this occurred after a long absence during which Nicole’s whereabouts had been unknown by the DHHR. Nicole was placed in the children’s shelter in Lake Charles on January 26,1988, and ran away from that facility on February 3. This witness declared that the DHHR had been actively trying to find Nicole since February 3, explaining this activity as contacting a Mr. David Cooper, Nicole’s boyfriend, and asking him to let them know if Nicole made contact with him.
A third judge presided at the third trial date. Instead of granting the continuance, this judge ordered an immediate attachment of the witness to be served at Mr. Cooper’s address in Lafayette (the trial location), and then recessed the trial until 1:30 in the afternoon. When the court went back into session at 1:30, Nicole was present. The defendant renewed the motion to quash. The state rejoined by arguing that it still had some of its 23 days left, custody of Nicole not having been regained until January 25, 1988. This judge made no ruling, saying that the motion to quash had already been ruled on by a different judge on August 11, 1987. The case thereafter proceeded to trial.
OPINION
On this appeal the defendant argues that the trial court should have sustained his motion to quash made on August 11, 1987. In support of the trial court’s ruling, the state argues the application of La.C.Cr.P. art. 579, to say that the period of limitation was interrupted because the absence of a material witness for the state was a cause beyond the state’s control. Article 579 reads:
“A. The period of limitation established by Article 578 shall be interrupted if:
“(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
“(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
“(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
“B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.” (underscoring ours)
We find it unnecessary to make a determination of whether the absence of a material witness for the state (if the absence of that witness is indeed beyond the control of the state), will interrupt the period of limitation for the commencement of trial. We find it unnecessary to rule on that issue because we find, based upon this record, that the state has failed to meet its heavy burden of proving that the absence *742 of this material witness excused indefinite delay in trying an accused within the statutorily mandated period. We say this because, although there is evidence in the record that the witness was not present on July 7, 1987, there is no evidence at all in the record to suggest that the state did anything to locate the witness and try the case before the end of July. In other words, there is no evidence in this record to show that the absence of this witness between July 7, 1987, and July 30, 1987, was beyond the control of the state.
In State v. Driever, 347 So.2d 1132 (La.1977), the Louisiana Supreme Court said:
“To protect persons accused of crime against indefinite delay in state prosecutions against them, our legislature has provided that ‘no trial shall be commenced ... after two years’ from the date of institution of the present prosecution. La.C.Cr.P. art. 578(2). The constitutional right to a speedy trial was intended to be at least partially effectuated thereby.
“The present record does not support a finding that the state’s duty to try the case within the prescribed time is excused by the only reason advanced in support of the delay: That the statutorily limited period for trial of the defendant was interrupted because, during the period, the accused ‘cannot be tried’ for a ‘cause beyond the control of the state,’ La.C.Cr.P. art. 579(2).”
The State bears the heavy burden of showing that it is excused from trying an accused on a charge later than the period mandated by the time limitation statutes. State v. Chapman, 495 So.2d 1001 (La.App. 3rd Cir.1986). Like the court said in Driever, assuming (without expressing an opinion) that inability to locate an essential state witness may under some circumstances be a valid cause interrupting prescription, nevertheless, the state has the burden of showing that it was unable to locate the witness. All that the state showed in the present case was that it did not have the witness on July 7, 1987. There is no evidence at all to establish its inability (beyond its control) to locate the witness between July 7 and July 30, and proceed to trial within the statutory time limit. For all this record reveals, the state simply waited for Nicole to show up, and took no affirmative efforts to find her. This is illustrated by the events of January and February 1988. On January 20 Nicole contacted the state by telephone. She was in a runaway status but was still managing to monitor these proceedings rather closely; she was inquiring as to details concerning the upcoming trial. She turned herself in on January 25, and turned herself out again on February 3. The DHHR said it searched for her during the next few days, but could not find her as of the morning of February 9. Nonetheless, the trial judge was successful in producing her presence by 1:30 that afternoon simply by ordering a deputy sheriff to go to the place where the DHHR thought she might be. The scant evidence in this record concerning the efforts of the state to locate the witness falls far short of excusing the state from affording the accused a trial within the delay required by law. There is simply no evidence that the state, once it had in hand its continuance granted on July 7, made any effort to locate the witness and give the accused a trial within the statutory time limit.
Accordingly, since we find that the state did not try this accused within the time mandated by law, and since the state did not meet its heavy burden of proof that the failure to bring the case to trial was for a cause beyond its control, the motion to quash the indictment must be granted, under the mandate of La.C.Cr.P. art. 581, the ruling of the trial court to the contrary must be overruled, and the defendant must be ordered discharged from custody.
TRIAL COURT RULING REVERSED AND MOTION TO QUASH GRANTED.
FORET, J., concurs in result.