631 So.2d 1370 (1994)
STATE of Louisiana,
v.
Vernon L. WILLIAMS.
No. 93-KA-694.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1994.
*1371 John M. Mamoulides, Dorothy A. Pendergast, Terry M. Boudreaux, Dist. Atty.'s Office, Gretna, for plaintiff, appellant State.
Robert S. Toale, Bruce G. Whittaker, Michael G. Riehlmann, Indigent Defender Bd., Gretna, for defendant, appellee Vernon L. Williams.
Before BOWES, GRISBAUM and CANNELLA, JJ.
BOWES, Judge.
The State of Louisiana, through the District Attorney for the Parish of Jefferson, appeals a judgment of the district court quashing the murder indictment of Vernon Williams. For the following reasons, we affirm.

FACTS
The defendant, Vernon Williams, was indicted by a grand jury on April 6, 1989 for the first degree murder of Edna J. Zeloya, and following a jury trial, the defendant was convicted of the offense. Williams subsequently filed a motion for new trial which the trial court granted on January 10, 1992. Thereafter, the state filed a motion to recuse the trial judge on January 17, 1992, which motion was denied on March 30, 1992. After reducing the charge to second degree murder, the state filed a motion to reconsider recusal on April 2, 1992, and the trial court denied the motion that same day. No appeal nor writ has ever been taken by the state from the judgment granting a new trial.
From the judgment of the trial judge denying the motion to recuse, the state filed a writ application with this Court on April 28, 1992; in granting the writ on May 20, 1992, this Court vacated the ruling on the motion to recuse and remanded the case to the trial court for random allotment to another division of the court for a recusal hearing. On July 1, 1992, the Louisiana Supreme Court granted the defendant's writ application, vacated this Court's order and reinstated the trial court's order denying the motion to recuse, 601 So.2d 1374 (La.1992). Thereafter, the Supreme Court denied the state's application for rehearing on September 4, 1992, 605 So.2d 1084 (La.1992).
On June 14, 1993, prior to the commencement of the second trial, the defendant filed a motion to dismiss and quash the indictment based upon the expiration of time limitations. The trial court granted the motion stating that "it's my judgment that the state had until January the 10th of the year [1993] to re-try Vernon Williams." The state now appeals that ruling.

*1372 ASSIGNMENT OF ERROR

The district court erred in granting the defendant's motion to quash the indictment.

ANALYSIS
The applicable articles of the Code of Criminal Procedure are as follows:
Art. 578. General rule
Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.
Art. 579. Interruption of time limitation
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
Art. 580. Suspension of time limitations
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
Art. 581. Expiration of limitations; motion to quash; effect
Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.
If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts.
Art. 582. Time limitations; effect of new trial
When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.
Art. 583. Interruption of time limitation where new trial
The period of limitation established by Article 582 shall be interrupted by any of the causes stated in Article 579. Where such interruption occurs, the state must commence the new trial within one year from the date the cause of interruption no longer exists.
Under LSA-C.Cr.P. art. 582 we are required to determine the longer period of the two time limitations, either one year from the date a new trial is ordered, or the applicable three-year limitation of LSA-C.Cr.P. art. 578. The indictment for first degree murder was handed down on April 6, 1989; under LSA-C.Cr.P. art. 578, the time limitation for commencement of trial was April 6, 1992. The limitation of one year from the date a new trial was granted is in January, 1993 and is therefore the longer period under art. 582.
The state contends that the one-year period of limitation for commencement of a second trial, following the grant of a new trial, as set forth in art. 582, was interrupted by the pendency of the state's proceedings to obtain supervisory relief from the trial court's denial of the motion to recuse. According *1373 to the state, those proceedings did not become final until the Louisiana Supreme Court denied a rehearing on September 4, 1992, and thus the state had one year from that date to retry the defendant.
When a district court (as opposed to an appellate court), grants a new trial, the Article 582 one year begins to run from the date the new trial is granted. State v. Brown, 451 So.2d 1074 (La.1984). State v. Chapman, 495 So.2d 1001 (La.App. 3 Cir.1986), writ denied, 498 So.2d 756 (La.1987).
In the present case, as observed, the new trial was granted by the district court on January 10, 1992. The defendant's motion to dismiss and quash the indictment was filed on June 14, 1993, eighteen months later.
A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial under LSA-C.Cr.P. arts. 581 and 532(7). Once a motion to quash has been filed for untimely prosecution, the state is under a heavy burden to show a legal cause for the delay. State v. Taylor, 439 So.2d 410 (La.1983); State v. Chapman, supra. If the prescriptive period has expired, the court shall dismiss the indictment upon motion of the defendant, and there shall be no further prosecution against the defendant for that criminal conduct; art. 581; State v. Bennett, 610 So.2d 120 (La. 1992). [Emphasis supplied].
The one year prescriptive period may be interrupted by any of the causes under LSA-C.Cr.P. art. 579; supra. State v. Bennett, supra, appeal after remand, 617 So.2d 550 (La.App. 3 Cir.1993).
In order to satisfy its burden, the state argues that the pendency of its writ application constituted a "cause beyond the control of the state" under art. 579(A)(2) which interrupted the prescriptive period until final disposition of the motion to recuse on September 4, 1992. The state submits that its position is fully supported by State v. Bennett, supra.
In the cases interpreting the above jurisprudence, however, most closely analogous is State v. Chapman, supra. In Chapman, writ applications were filed by the state with the court of appeal on a judgment granting a new trial to the defendant. The one year prescriptive period established by LSA-C.Cr.P. art. 582 expired during pendency of the writ determination. At a motion to quash, the state argued that the writ applications interrupted the running of the time period. The court of appeal found that filing of the writ application by the state is not a statutory cause of interruption of the limitation.
The jurisprudence reveals that the purpose of the statutory scheme dealing with interruptions or suspension of time limitations on trial is:
... to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite period of time....
State v. Theard, 212 La. 1022, 34 So.2d 248 (1948); State v. Walgamotte, 415 So.2d 205 (La.1982). Moreover, the case law, as well as the statutes, demonstrate that to interrupt or suspend requires action or inaction by the defendantfor example, escape or absence, or the defendant's filing of motions or pleadings which delay the prosecution. See State v. Brown, 451 So.2d 1074 (La.1984); State v. Walgamotte, 415 So.2d 205 (La.1982); State v. Washington, 430 So.2d 641 (La.1982); State v. Williams, 414 So.2d 767 (La.1982); State v. Devito, 391 So.2d 813 (La.1980); State v. Driever, 347 So.2d 1132 (La.1977).
We agree with the analysis utilized by the Chapman court. Interruption of prescription in these cases require action or inaction by the defendant, actions which inure to his benefit. Under this analysis, if an attack on the judgment granting a new trial does not interrupt the time limitations, then clearly a writ on a collateral issue, taken by the state on a motion to recuse, does not have a suspensive effect.
Reliance by the state on State v. Bennett, is misplaced. Bennett was concerned only with the issue of when a judgment granting a new trial becomes final, for purposes of determining the beginning of the prescriptive period, where the judgment granting a new *1374 trial is under direct attack. We find that Bennett is an expansion of Chapman in its holding that the new trial limitation does not begin to run until the judgment granting the new trial becomes final. Bennett does not recognize an exception to the clear impact of LSA-C.Cr.P. art. 579 restricting interruption of prescription to causes beyond the control of the state.
The judgment granting the new trial itself was the matter at issue in Bennett. In the present case, no writs were taken on the judgment granting a new trial; the subsequent writ application which was filed by the state involved a motion to recuse the trial judge.
The state strongly contends that the delay caused by its writ application and the time consumed in waiting for a decision on same from the Supreme Court constitute a "cause beyond control of the state" as contemplated under LSA-C.Cr.P. art. 579(A)(2), supra. We disagree and hold that the grounds stated in art. 579, supra, are not applicable here. Causes beyond the control of the state do not, under the law or the jurisprudence, involve motions or actions taken by the state. See, e.g., State v. Chapman, supra; State v. Brown, 451 So.2d 1074 (La. 1984). The court system cannot excuse itself from affording an accused a trial within the delay required and mandated by law using the mandatory language "shall," simply by relying upon internal operating procedures which result in non-compliance with the statutory mandate. State v. Driever, 347 So.2d 1132 (La.1977). If this were so, the delay could be any length of time and the door would be open to manipulation of the period of delay afforded the state, both to the detriment of the accused.
Contrast with the above State v. Rome, 616 So.2d 1360 (La.App. 3 Cir.1993), in which the defendant filed a motion for a change of venue and the delay caused by transmittal of documents was sufficient cause for interruption of prescription and ruled to be a "cause beyond control of the state." There, the motion filed by the defendant inured to his benefit.
There was nothing in the present case to suspend the finality of the judgment granting a new trial, as there was in Bennett, supra. Motions and writs taken by the state to recuse the trial judge do not serve to so suspend that judgment. The state was free to institute new proceedings against the accused while the decision on their writ application regarding recusal was pending. This may not be the most desirable of procedures, but when the state is faced with the mandatory language of "shall" in the setting of a prescriptive limitation, it has no choice but to comply with the time limitation set or face the consequences of non compliance. In this regard, we must bear in mind constantly that it is the Legislature, not the courts, who prescribe the time limitations and the mandatory language in its statutes.
Therefore, the trial court correctly concluded that the state had not born its heavy burden of proof that it was unable to act or prevented from acting to commence the new trial within the prescriptive time. Upon expiration of the time limitations expressed in LSA-C.Cr.P. art. 581, the court is mandated and required by the word "shall" to dismiss the indictment. It has no choice or discretion whatsoever under the circumstances of this case concerning what action it must take. Accordingly, we affirm.
AFFIRMED.