818 So.2d 968 (2002)
STATE of Louisiana
v.
Sidney COTTON.
No. 2001 KA 1781.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
*969 Lewis Murray, Assistant District Attorney, Franklinton, Dorothy Pendergast, Metairie, Counsel for Appellee State of Louisiana.
Kyla Blanchard-Romanach, Louisiana Appellate Project, Baton Rouge, Counsel for Appellant Sidney Cotton.
Before: GONZALES, KUHN, and CIACCIO[1], JJ.
KUHN, J.
Defendant, Sidney Cotton, appeals a district court judgment denying his motion to quash the bill of information based on untimely institution of prosecution. For the following reasons, we affirm.

FACTS
A chronology of the relevant proceedings set forth in the record of this case is as follows. Defendant was charged by bill of information on December 1, 1995, with molestation of a juvenile, a violation of La. R.S. 14:81.2, and oral sexual battery, a violation of La. R.S. 14:43.3. Allegedly, the crimes occurred between January 1, 1995, and June 1, 1995, when the victim was seven years old. At his arraignment on December 11, 1995, defendant pled not guilty to both charges. Thereafter, defendant moved for and was granted continuances on several occasions, and ultimately a trial date of November 20, 1996 was set.
Prior to the scheduled trial date, on October 29, 1996, the state filed a motion entitled "Notice of Intent to Use Evidence of Other Acts" and requested a pretrial hearing to determine the admissibility of the evidence, which consisted of the testimony of two children who alleged that defendant had performed oral sex upon them. These allegations formed the basis of an earlier prosecution against defendant of which a jury acquitted him.
Defendant responded to the state's motion with a "Memorandum in Opposition" filed in open court on January 22, 1997. On February 24, 1997, at the conclusion of a hearing on the motion, the trial court ruled that the evidence the state sought to introduce was inadmissible. Thereafter, on March 5, 1997, the state filed a notice of *970 its intent to seek supervisory review of the trial court's ruling and requested a stay of the proceedings pending a final decision on the writ. On March 13, 1997, the trial court signed an order granting the state time to perfect its writ and staying the proceedings pending action by this court and/or final judgment concerning the state's writ application. The state perfected its writ application and on November 7, 1997, this court rendered judgment setting aside the judgment of the trial court and remanding the matter for an evidentiary hearing to determine the admissibility of the other crimes evidence. State v. Cotton, 97-0632 (La.App. 1st Cir.11/7/97), 703 So.2d 114, 117.
Following several continuances requested by both the state and the defense, on July 31, 1998, an evidentiary hearing was held, and the trial court took the matter under advisement. On April 26, 1999, in written reasons for judgment, the trial court once again found the use of the other crimes evidence inadmissible. On April 29, 1999, the state filed a Notice of Intent to Apply for Writ of Certiorari and requested a stay of the proceedings. On May 3, 1999, the trial court signed an order granting the state time to file its writ application and ordering that the proceedings be stayed pending adjudication of the state's writ application. In an order dated July 8, 1999, this court refused to consider the state's writ application due to a violation of the RulesCourts of Appeal. State v. Cotton, 99-1186 (La.App. 1st Cir.7/2/99).
Subsequently, on July 12, 1999, the state resubmitted the writ application with this court. In an order dated September 10, 1999, we ordered supplementation of the writ application and that defendant file a responsive brief. On February 25, 2000, in an unpublished decision, this court issued a ruling addressing the merits of the state's writ, concluding the evidence was inadmissible. State v. Cotton, 99-1684 (La.App. 1st Cir.2/25/00).
The state then applied for, and was granted, a writ of certiorari by the Louisiana Supreme Court to review the admissibility of a defendant's prior acquittals as other crimes evidence in a subsequent criminal trial, describing the matter as an "issue of first impression." See State v. Cotton, XXXX-XXXX (La.6/23/00), 765 So.2d 345. On January 29, 2001, the supreme court affirmed the trial court's denial of use of the evidence. State v. Cotton, XXXX-XXXX, pp. 12-13 (La.1/29/01), 778 So.2d 569, 579. The state filed an application for rehearing, which was granted in part and denied in part by the Supreme Court on April 20, 2001. State v. Cotton, XXXX-XXXX (La.4/20/01), 787 So.2d 278 (per curiam).
On May 16, 2001, prior to trial, defendant filed a motion to quash the bill of information for failure to commence trial within two years as required by La.C.Cr.P. art. 578(2). Upon the trial court's denial of the motion to quash, the defendant entered a best interest guilty plea to one count of indecent behavior with a juvenile, a violation of La. R.S. 14:81, under the provisions of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Pursuant to a plea agreement, the state dismissed count two. Defendant reserved his right to appeal the trial court's denial of the motion to quash pursuant to State v. Crosby, 338 So.2d 584, 587 (La. 1976). After conducting a Boykin examination, the trial court accepted defendant's guilty plea and sentenced him to imprisonment for three and one-half years at hard labor. Defendant now appeals, urging solely that the trial court erred in denying his motion to quash based on untimely institution of prosecution.

*971 DISCUSSION
Louisiana Code of Criminal Procedure article 578(2) provides that trial of non-capital felonies must be held within two years from the date of the institution of the prosecution. "Institution of prosecution" includes the finding of an indictment, or the filing of a bill of information, or affidavit, which is designed to serve as the basis of a trial. La.C.Cr.P. art. 934(7); State v. Wilson, 95-0613, p. 4 (La.App. 1st Cir.4/4/96), 672 So.2d 716, 718-719. And upon expiration of this time limitation, the court shall, on motion of defendant, dismiss the indictment and there shall be no further prosecution against defendant for that criminal conduct. La.C.Cr.P. art. 581.
In the instant case, defendant was charged with two non-capital felonies, thus requiring commencement of trial on the charges within two years from the date the prosecution was instituted. Prosecution of this matter was instituted by the filing of a bill of information on December 1, 1995. Therefore, under La.C.Cr.P. art. 578(2), the state had until December 1, 1997, to commence defendant's trial. As of May 16, 2001, the date defendant moved to quash the bill of information, a trial had not commenced. Clearly, the two-year period for commencement of trial was exceeded; thus, defendant's motion to quash is facially meritorious.
Once an accused shows that the state has failed to bring him to trial within the time periods specified by La.C.Cr.P. art. 578, the state bears a heavy burden of showing that an interruption or suspension of the time limit tolled the running of the two-year period. State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205 (per curiam).
Interruption of the time limit for commencing trial is set forth in La C.Cr.P. art. 579, which provides:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
In addition, La.C.Cr.P. art. 580 allows for the suspension of the time limitations. It provides:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
Based on our review of this record, we find the state successfully satisfied its burden of proving an interruption of the time limitations sufficient to justify the delay in bringing the defendant to trial. The chronology of the proceedings set forth above reveals that the period of limitation for commencement of defendant's trial was interrupted on at least two occasions. The period was initially interrupted on March 13, 1997, when the trial court signed an order staying the proceedings pending resolution of a writ application seeking review of the court's ruling on the *972 admissibility of the prior acquittal evidence. On November 7, 1997, this court granted the state's writ and remanded the case to the district court for an evidentiary hearing. Under La.C.Cr.P. art. 579(B), the article 578 period of limitation commenced to run anew from this date. The state then had two years, or until November 7, 1999, to bring defendant to trial.
Prior to the expiration of the new two-year period of limitation, on May 3, 1999, the state applied for supervisory review on the merits of its use of prior acquittals as other crimes evidence. This time, the period of interruption lasted significantly longer than the earlier period. It was not until February 25, 2000, that this court rendered its decision on the state's writ application after the earlier remand. The Louisiana Supreme Court then granted the state's writ of certiorari. And on January 29, 2001, the supreme court issued its decision affirming the denial of the use of the evidence.
Where a writ application has been timely filed with the supreme court, a judgment of the court of appeal in a criminal proceeding is not final until that writ application is denied. State v. Bennett, 610 So.2d 120, 125 (La.1992). Therefore, this court's judgment denying use of the defendant's prior acquittals as other crimes evidence did not become final until April 20, 2001, when the supreme court rendered its decision on the state's application for rehearing.
With the supreme court's denial of the state's writ application seeking a determination on admissibility of defendant's prior acquittals as other crimes evidence, the cause of the interruption ceased to exist; the period of limitation commenced to again run anew. Thus, the state has until April 20, 2003, to bring defendant to trial. And because the two-year period of limitation for commencing defendant's trial has not yet expired, the trial court properly denied defendant's motion to quash for untimely prosecution, which he filed on May 16, 2001.
Expressly addressing defendant's reliance on State v. Williams, 93-694 (La.App. 5th Cir.2/9/94), 631 So.2d 1370, writ denied, 94-0606 (La.6/3/94), 637 So.2d 499, we note defendant's broad interpretation of the dicta stated in that case to assert that the state's filing of a writ application can never constitute a statutory cause for interruption or suspension. In Williams, defendant had been convicted of first-degree murder, and the trial judge granted a new trial. The state filed a motion to recuse the trial judge, which was denied. After reducing the charge to second-degree murder, the state filed a motion to reconsider the recusal, which the trial judge denied that same day. The state did not appeal or apply for a writ from the judgment granting defendant the new trial. Instead, an application for a supervisory writ of the trial judge's ruling on the motion to recuse was filed by the state. Williams, 631 So.2d at 1371.
It was the appellate abeyance of the ruling reviewing the motion to recuse which the Fifth Circuit addressed and concluded did not constitute a statutory cause for interruption or suspension of the time limitation for prosecution under La.C.Cr.P. art. 579(A)(2). And while in dicta the Williams court included the broad statement, "Causes beyond the control of the state do not, under the law or the jurisprudence, involve motions or actions taken by the state," which can be construed to suggest that the delays created by the courts of appeal are imputable to the prosecution that seeks to exercise its right to appellate review, we decline to so hold under the facts of this case. 93-694 at p. 7, 631 So.2d at 1374.
*973 At first blush we note, although not dispositive, the facts in Williams do not suggest that the trial court issued a stay of proceedings pending a final decision of the state's writ application. But in the present case, an order staying any further proceedings pending supervisory review of the state's writ application was issued by the trial court, making it impossible for the state to commence defendant's trial. Thus, as the trial court concluded, Williams is procedurally distinguishable.
We find, however, a more important distinction between the appellate review undertaken by the Fifth Circuit in Williams and the facts before us sub judice. Nothing in the plain language of La.C.Cr.P. art. 579(A)(2) removes the delays created by courts' appellate review of all motions or actions taken by the state from the ambit of the statutory cause for interruption or suspension. Nor has the jurisprudence addressed facts such as those presently before us in this appeal, where the evidence at the heart of the appellate review was that which, if admissible, would have been important to the state's prosecution of the charges. On its face, the evidence that the prosecution sought, if admitted, clearly gave rise to a different trial strategy than that undertaken if the evidence were determined to be inadmissible. For the state to have proceeded during the delays created by seeking an appellate review of the trial court's evidentiary ruling places the prosecution in the position of having to commence a trial without the ability to present what might be its strongest evidence. And it was only after the trial court's denial of admissibility of that evidence became a final determination that the prosecution was in a position to properly evaluate its trial strategy.
We find no error in the trial court's conclusion that the delays created by the prosecution's exercise of its right to an appellate review of a ruling which the Louisiana Supreme Court described as an issue of first impression to be a "cause beyond the control of the state" under La.C.Cr.P. art. 579(A)(2). To hold otherwise would have a chilling effect of denying prosecutors their rights to appeal trial court rulings and impede their responsibilities to perform their duties to the citizens of the state against whom crimes have been committed.
Accordingly, for the reasons set forth, we affirm the conviction and sentence of defendant, Sidney Cotton.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.