STATE OF LOUISIANA

VERSUS

D.E.D.

**Cooks, J., dissents**.

This court has too often attempted to circumvent the law to protect the State when it fails to timely prosecute criminal defendants. *This case was "bumped" at the State's request six times because of conflicts on the court's docket.* Such delays in the prosecution of this Defendant cannot be attributed to him. Under the majority's ruling in this case Louisiana's mandatory, statutory time frame within which to timely prosecute the criminally accused is rendered meaningless.[1] In response to the majority's assertion that Duraso's counsel's acceptance of a trial date set beyond the statutory time limit amounts to a joint motion for continuance, thus affording the State an additional year to try the case, I note that the majority cites no case in support of this proposition and I have found none. Moreover, La. Code Crim. Pro. Art. 707 provides:

> **A motion for continuance shall be in writing and shall allege specifically the grounds upon which it is based** and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial. Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only

---

[1] While I too am quite disturbed by the State's failure in this case, its failure may not totally forfeit the people's interest in fully accessing the court or the victim's right to a just outcome in this case. The State may not be prevented from prosecuting this Defendant for a more serious offense than originally charged despite the dismissal of the less serious charges at issue here.

upon a showing that such motion is in the interest of justice. (emphasis added)

As the majority admits, but ascribes no significance to, *there was no written motion in this case by either the State or Defendant.*

The majority correctly points out La. Code Crim P. arts. 578, 579 and 580 address limitations upon trial. Article 579 gives the reasons for interruption of the time limitations *which do not include a continuance.* Article 580 addresses suspension of time limitations and states: "A. When a defendant files a motion to quash or other preliminary plea …[ ] B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709." Article 709 deals with "continuance based on absence of a witness" which is not applicable herein. As the majority acknowledges, *Defendant did not file a motion to continue*, thus I believe Art. 580 cannot apply. The record clearly demonstrates that the State made an oral motion for continuance in open court. Article 707 states the *mandatory requirement* that a Motion for Continuance **shall be in writing** and **shall state the grounds** for the motion. Additionally, *any such motion made by a Defendant* must not only be **in writing but must be verified by affidavit**. Clearly, Defense Counsel's mere acknowledgement the date orally broadcasted in the *State's improper oral motion for continuance* was available on his calendar cannot be parlayed into a conscious decision by Defendant to join the State's request for continuance. To do so completely ignores the code requirements set forth above and circumvents the statutory requirements for timely prosecution of Defendant's charged offense.

I would further point out that the majority's reasoning appears to confuse the cases on the constitutional right-to-speedy-trial with Louisiana's statutory provision regulating timely prosecution of criminal cases. They are not at all the same and are not governed nor determined by the same principles. The Louisiana State Supreme Court has plainly stated in *State v. Joseph*, 637 So.2d 1032 (La. 1994):

> The state has a heavy burden of justifying an apparently untimely commencement of trial on grounds that the time limits in Art. 578 were either interrupted or suspended. (citations omitted) Unparticularized allegations of a crowded docket [such as caused the delays herein] do not satisfy that burden. Administrative problems within the court system [as occurred in this case resulting in delays] generally do not constitute causes of interruption beyond the control of the state because 'the court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory mandate. (citation omitted) .

Moreover, as the Louisiana Fifth Circuit points out in *State v. Williams*, 631 So.2d 1370 (La. App. 5 Cir. 1994):

> The Jurisprudence reveals that the purpose of the statutory scheme dealing with interruptions or suspension of time limitations on trial is: … to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite period of time…

As noted, the trial court in this case set a future trial date, and two additional alternate dates in case the first one did not work out, all of which were beyond the statutory time limitation.

As further stated in *Williams*:

> Moreover the case law, as well as the statutes, demonstrate that to interrupt or suspend *requires action or inaction by the defendant*— for example, escape or absence, or the defendant's filing of motions or pleadings which delay the prosecution. (citations omitted) We agree with the analysis utilized by the *Chapman* court. Interruption of

prescription in these cases *require action or inaction by the defendant, actions which inure to his benefit. ….* **Causes beyond the control of the state** *do not***, under the law or the jurisprudence, involve motions or actions** *taken by the state***.** The court system cannot excuse itself from affording an accused a trial within the delay *required* and *mandated* by law using the mandatory language "shall," simply by relying upon internal operating procedures which result in non-compliance with the statutory mandate. (citations omitted). If this were so, the delay could be any length of time and the door would be open to manipulation of the period of delay afforded the state, both to the detriment of the accused.

The majority acknowledges that this court, in *State v. C.W.W.*, 2010 WL 5027175 (La.App. 3 Cir. 12/8/10), an unreported case, held "We find no cases involving the **statutory right to speedy trial** in which a court has held that by failing to object to the setting of a trial outside the two-year time limitation, a defendant acquiesced in the setting." It is disingenuous for the majority to assert, without citation, that Defendant's failure to object at the time and his lawyer's acknowledgment that the date set beyond a timely prosecution was "acceptable" to "the lawyer" equates to some sort of waiver of Defendant's right to the **statutory** speedy trial requirements. It is not the Defendant's obligation to see to it that the State follow the statutory requirement for timely prosecuting him.

This case was set for trial numerous times after April 19, 2010. Each time, it was "bumped" in favor of another trial. On October 25, 2010, the State moved to continue the trial date to November 29, 2010. This court has previously rejected the notion that a defendant's failure to object to the State's motion to re-fix a trial date outside the two-year time limitation for prosecution amounts to some sort of waiver or acquiescence in such setting. *State v. C.W.W.*, 2010 WL 5027175 (La. 3 Cir. 12/8/10), *writ denied* 75 So.3d 920 (La. 11/4/11). Additionally, I note that the Louisiana State Supreme Court has held that Louisiana's statutory provision regarding speedy trial is "broader than" the state and federal constitutional right to

4

speedy trial "because, for example, there is no need to assess prejudice to the accused *nor to require that an accused make known his desire for an early trial.*" *State v. Powers*, 344 So.2d 1049, 1051 (La. 1977). (emphasis added). The United States Supreme Court, in its landmark decision on speedy trial, rejected the sometimes invoked "demand-waiver" rule used in some jurisdictions because it found that such a rule does not comport with the high court's holding that the right to speedy trial is a "fundamental" constitutional right. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191 (1972). I note additionally that the only code provision concerning waiver of Defendant's right to a dismissal is contained in the Code of Criminal Procedure Article 581 which states in pertinent part "This right of dismissal is waived unless the motion to quash is made prior to trial." Defendant filed his motion to quash on two separate occasions prior to trial. It is also of no moment that Defendant entered a plea of guilty after this court erroneously refused his writ of review attacking the trial court's failure to grant his motion to quash. As this court previously ruled, Defendant's guilty plea did not preclude review of the untimely prosecution as such is a jurisdictional defect, i.e. the trial court was without jurisdiction to accept Defendant's guilty plea as his motion to quash should have been granted and his prosecution dismissed as untimely. *D.E.D.*, 12-590.

The majority would require Defendant's lawyer to act in a manner quite contrary to the interests of his client. I am mindful of the anguish that dismissal will cause the victim and her family, but the State has breached its obligation and the Legislature has statutorily implemented the consequence which must flow from that failure. To do otherwise is to render the statutory right to speedy trial in

Louisiana utterly meaningless.  I therefore respectfully dissent for the reasons as stated.

STATE OF LOUISIANA

VERSUS

D.E.D.

**Cooks, J., dissents**.

This court has too often attempted to circumvent the law to protect the State when it fails to timely prosecute criminal defendants. *This case was "bumped" at the State's request six times because of conflicts on the court's docket.* Such delays in the prosecution of this Defendant cannot be attributed to him. Under the majority's ruling in this case Louisiana's mandatory, statutory time frame within which to timely prosecute the criminally accused is rendered meaningless.[1] In response to the majority's assertion that Duraso's counsel's acceptance of a trial date set beyond the statutory time limit amounts to a joint motion for continuance, thus affording the State an additional year to try the case, I note that the majority cites no case in support of this proposition and I have found none. Moreover, La. Code Crim. Pro. Art. 707 provides:

> **A motion for continuance shall be in writing and shall allege specifically the grounds upon which it is based** and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial. Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only

---

[1] While I too am quite disturbed by the State's failure in this case, its failure may not totally forfeit the people's interest in fully accessing the court or the victim's right to a just outcome in this case. The State may not be prevented from prosecuting this Defendant for a more serious offense than originally charged despite the dismissal of the less serious charges at issue here.

upon a showing that such motion is in the interest of justice. (emphasis added)

As the majority admits, but ascribes no significance to, *there was no written motion in this case by either the State or Defendant.*

The majority correctly points out La. Code Crim P. arts. 578, 579 and 580 address limitations upon trial. Article 579 gives the reasons for interruption of the time limitations *which do not include a continuance.* Article 580 addresses suspension of time limitations and states: "A. When a defendant files a motion to quash or other preliminary plea …[ ] B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709." Article 709 deals with "continuance based on absence of a witness" which is not applicable herein. As the majority acknowledges, *Defendant did not file a motion to continue*, thus I believe Art. 580 cannot apply. The record clearly demonstrates that the State made an oral motion for continuance in open court. Article 707 states the *mandatory requirement* that a Motion for Continuance **shall be in writing** and **shall state the grounds** for the motion. Additionally, *any such motion made by a Defendant* must not only be **in writing but must be verified by affidavit**. Clearly, Defense Counsel's mere acknowledgement the date orally broadcasted in the *State's improper oral motion for continuance* was available on his calendar cannot be parlayed into a conscious decision by Defendant to join the State's request for continuance. To do so completely ignores the code requirements set forth above and circumvents the statutory requirements for timely prosecution of Defendant's charged offense.

I would further point out that the majority's reasoning appears to confuse the cases on the constitutional right-to-speedy-trial with Louisiana's statutory provision regulating timely prosecution of criminal cases. They are not at all the same and are not governed nor determined by the same principles. The Louisiana State Supreme Court has plainly stated in *State v. Joseph*, 637 So.2d 1032 (La. 1994):

> The state has a heavy burden of justifying an apparently untimely commencement of trial on grounds that the time limits in Art. 578 were either interrupted or suspended. (citations omitted) Unparticularized allegations of a crowded docket [such as caused the delays herein] do not satisfy that burden. Administrative problems within the court system [as occurred in this case resulting in delays] generally do not constitute causes of interruption beyond the control of the state because 'the court system cannot excuse itself from affording an accused a trial within the delay required by law, simply by relying upon internal operating procedures which result in noncompliance with the statutory mandate. (citation omitted) .

Moreover, as the Louisiana Fifth Circuit points out in *State v. Williams*, 631 So.2d 1370 (La. App. 5 Cir. 1994):

> The Jurisprudence reveals that the purpose of the statutory scheme dealing with interruptions or suspension of time limitations on trial is: … to enforce the right of an accused to a speedy trial and to prevent the oppression of citizens by suspending criminal prosecutions over them for an indefinite period of time…

As noted, the trial court in this case set a future trial date, and two additional alternate dates in case the first one did not work out, all of which were beyond the statutory time limitation.

As further stated in *Williams*:

> Moreover the case law, as well as the statutes, demonstrate that to interrupt or suspend *requires action or inaction by the defendant*— for example, escape or absence, or the defendant's filing of motions or pleadings which delay the prosecution. (citations omitted) We agree with the analysis utilized by the *Chapman* court. Interruption of

prescription in these cases *require action or inaction by the defendant, actions which inure to his benefit. ….* **Causes beyond the control of the state *do not*, under the law or the jurisprudence, involve motions or actions *taken by the state*.** The court system cannot excuse itself from affording an accused a trial within the delay *required* and *mandated* by law using the mandatory language "shall," simply by relying upon internal operating procedures which result in non-compliance with the statutory mandate. (citations omitted). If this were so, the delay could be any length of time and the door would be open to manipulation of the period of delay afforded the state, both to the detriment of the accused.

The majority acknowledges that this court, in *State v. C.W.W.*, 2010 WL 5027175 (La.App. 3 Cir. 12/8/10), an unreported case, held "We find no cases involving the **statutory right to speedy trial** in which a court has held that by failing to object to the setting of a trial outside the two-year time limitation, a defendant acquiesced in the setting." It is disingenuous for the majority to assert, without citation, that Defendant's failure to object at the time and his lawyer's acknowledgment that the date set beyond a timely prosecution was "acceptable" to "the lawyer" equates to some sort of waiver of Defendant's right to the **statutory** speedy trial requirements. It is not the Defendant's obligation to see to it that the State follow the statutory requirement for timely prosecuting him.

This case was set for trial numerous times after April 19, 2010. Each time, it was "bumped" in favor of another trial. On October 25, 2010, the State moved to continue the trial date to November 29, 2010. This court has previously rejected the notion that a defendant's failure to object to the State's motion to re-fix a trial date outside the two-year time limitation for prosecution amounts to some sort of waiver or acquiescence in such setting. *State v. C.W.W.*, 2010 WL 5027175 (La. 3 Cir. 12/8/10), *writ denied* 75 So.3d 920 (La. 11/4/11). Additionally, I note that the Louisiana State Supreme Court has held that Louisiana's statutory provision regarding speedy trial is "broader than" the state and federal constitutional right to

4

speedy trial "because, for example, there is no need to assess prejudice to the accused *nor to require that an accused make known his desire for an early trial.*" *State v. Powers*, 344 So.2d 1049, 1051 (La. 1977). (emphasis added). The United States Supreme Court, in its landmark decision on speedy trial, rejected the sometimes invoked "demand-waiver" rule used in some jurisdictions because it found that such a rule does not comport with the high court's holding that the right to speedy trial is a "fundamental" constitutional right. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191 (1972). I note additionally that the only code provision concerning waiver of Defendant's right to a dismissal is contained in the Code of Criminal Procedure Article 581 which states in pertinent part "This right of dismissal is waived unless the motion to quash is made prior to trial." Defendant filed his motion to quash on two separate occasions prior to trial. It is also of no moment that Defendant entered a plea of guilty after this court erroneously refused his writ of review attacking the trial court's failure to grant his motion to quash. As this court previously ruled, Defendant's guilty plea did not preclude review of the untimely prosecution as such is a jurisdictional defect, i.e. the trial court was without jurisdiction to accept Defendant's guilty plea as his motion to quash should have been granted and his prosecution dismissed as untimely. *D.E.D.*, 12-590.

The majority would require Defendant's lawyer to act in a manner quite contrary to the interests of his client. I am mindful of the anguish that dismissal will cause the victim and her family, but the State has breached its obligation and the Legislature has statutorily implemented the consequence which must flow from that failure. To do otherwise is to render the statutory right to speedy trial in

5

Louisiana utterly meaningless.  I therefore respectfully dissent for the reasons as stated.