672 So.2d 716 (1996)
STATE of Louisiana
v.
Roger WILSON.
No. 95 KA 0613.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
*717 Doug Moreau, District Attorney by Kay Howell, Assistant District Attorney, Baton Rouge, for Appellant State of Louisiana.
Thomas Damico, Baton Rouge, for Appellee-Defendant Roger Wilson.
Before SHORTESS, PARRO and KUHN, JJ.
KUHN, Judge.
Roger Mark Wilson, defendant, was charged by bill of information with manslaughter, in violation of LSA-R.S. 14:31. He filed a pretrial motion to quash the bill of information, which the court granted. The state appeals the adverse judgment. See La.C.Cr.P. art. 912(B)(2).[1]

FACTS AND PROCEDURAL HISTORY
On May 20, 1987, defendant allegedly was driving a passenger truck at an excessive rate of speed when he veered into the path of oncoming traffic.[2] Defendant's truck came to rest on its passenger's side after striking a car. Two bottles of drugs, one containing diazepam, fell out of the truck and were recovered by officers responding to the accident. Angela Wood, the driver of the car, died as a result of injuries sustained in the accident.
On June 16, 1987, defendant was arrested on a charge of negligent homicide; he was released on bond and appeared in court for a number of status conferences. On September 22, 1988, the court reassigned defendant's case without date. No indictment or bill of information had been filed against him.
On May 17, 1993, defendant was charged by bill of information with manslaughter. According to a response to a request for a bill of particulars, the state proceeded under LSA-R.S. 14:31, which provides in part:
A. Manslaughter is:
* * * * * *
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1, or of any intentional misdemeanor directly affecting the person....
*718 In August, 1993, defendant filed discovery requests, a request for a preliminary examination,[3] and a motion to suppress.[4] On April 28, 1994, defendant filed a motion to quash, a second motion to suppress, and a number of discovery motions. On May 26, 1994, the district court granted the motion to quash, ruling the defendant was denied his right to a speedy trial.

RIGHT TO A SPEEDY TRIAL[5]
Under the federal and state constitutions, every person is guaranteed the right to a speedy trial. U.S. Const., Amendment VI; La. Const. of 1974, art. I, Sec. 16; State ex rel. Miller v. Craft, 337 So.2d 1191, 1193 (La.1976). The right to a speedy trial attaches from the time defendant becomes an accused by arrest or actual restraint or by formal bill of information or indictment. State v. Bodley, 394 So.2d 584, 594 (La.1981). In determining whether or not this constitutional right has been violated, no fixed time period is determinative. Rather, the conduct of both the prosecution and the defense are weighed in light of several factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the accused. Barker v. Wingo, 407 U.S. 514, 530-533, 92 S.Ct. 2182, 2192-2193, 33 L.Ed.2d 101 (1972). See State v. Bodley, 394 So.2d at 594-595. The peculiar circumstances of the case will determine the weight to be ascribed to the length of the delay and the reasons for the delay. State v. Pleasant, 489 So.2d 1005, 1010 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986).

LENGTH OF DELAY
The initial inquiry is into the length of the delay; and, if the length was such as to be presumptively prejudicial, a further inquiry into the other factors is necessary. Whether that length is presumptively prejudicial depends on the peculiar circumstances of each case. State v. Reaves, 376 So.2d 136, 138 (La.1979).
While the constitutional right to a speedy trial cannot be infringed by legislation granting prolonged and unnecessary delays, the legislation fixing the time limitations for prosecution serves to establish legislative recognition of the time which the legislature has in all probability found to be a reasonable delay for prosecution. State v. Gladden, 260 La. 735, 257 So.2d 388, 391 (1972); appeal dismissed, cert. denied, 410 U.S. 920, 93 S.Ct. 1377, 35 L.Ed.2d 581 (1973). Manslaughter is necessarily punishable by imprisonment at hard labor. LSA-R.S. 14:31(B). The Louisiana Code of Criminal Procedure in article 572 establishes the prescriptive periods for the commencement of criminal trials and prohibits the trial of a felony necessarily punishable by imprisonment at hard labor unless the prosecution is instituted within six years of the time the offense was committed.[6] "Institution of prosecution" includes the filing of a bill of information. La.C.Cr.P. art. 934(7). The prosecution of this matter was instituted by the filing of the bill of information on May 17, 1993, three days before the expiration of that time delay.
Article 578 provides for a second time limitation wherein the trial of a felony must be *719 commenced within two years from the date of institution of prosecution. Although defendant was arrested June 16, 1987, the date of the institution of prosecution was May 17, 1993, the date on which the bill of information was filed. Hence, when the motion to quash was filed, the two-year time limitation had not elapsed. La.C.Cr.P. arts. 934(7) and 578.
Despite the statutory timeliness of the state's actions, the nearly six-year period between the time defendant was arrested and the time he was formally charged with a crime appears to be inordinate; and the inquiry into whether a defendant's constitutional right to a speedy trial has been violated does not end with the finding of timeliness. As noted above, this delay triggers the necessity for weighing and balancing the other Barker factors under the peculiar circumstances of the case. See Barker v. Wingo, 407 U.S. at 530-531, 92 S.Ct. at 2192; see also State v. James, 459 So.2d 1299, 1308 (La.App. 1st Cir.1984), writ denied, 463 So.2d 600 (La.1985).

REASON FOR THE DELAY
The next factor to be considered is the reason for the delay. According to the state, the delay in billing defendant with a crime was due to a change in prosecutorial administrations and the discovery during a related civil trial that a witness injured in the accident regained his memory. The state points out the delay allowed in Barker was also in excess of five years. However, Barker involved post-indictment delays. In the instant matter, the nearly six year delay was prior to the institution of prosecution and not during the time where pretrial delays might have been attributable to both the state and the defendant. The circumstances in this case suggest a lack of diligence in prosecution for unknown reasons. Barker characterized negligence in bringing prosecution as a "neutral reason" for a delay but ascribed the ultimate responsibility for providing a defendant with a speedy trial to the government rather than to the defendant. Barker v. Wingo, 407 U.S. at 530-531, 92 S.Ct. at 2192. The state cannot attribute any fault to defendant in this case.

ASSERTION OF THE RIGHT
Barker emphasized the defendant's assertion of the right is "entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right," and the failure to assert it will "make it difficult for a defendant to prove that he was denied a speedy trial." Barker v. Wingo, 407 U.S. at 531-532, 92 S.Ct. at 2192-2193. However, the weight to be given the absence of a demand in cases wherein the delay is between arrest and indictment has been substantially less than in cases of post-indictment delay. See State v. Foat, 442 So.2d 1146, 1153-1154 (La.App. 5th Cir.), writ denied, 442 So.2d 1122 (La.1983). The state does not challenge defendant's pre-billing strategy to do nothing in the hope the state would simply not prosecute him.[7] The state instead argues defendant's delay in waiting until nearly a year after the institution of prosecution to file the motion to quash should weigh heavily against him. The record shows, however, that, within three months of being charged with the crime, defendant undertook discovery and challenged the propriety of the charges with a request for a preliminary hearing. Defendant then filed the motion to quash approximately six months after the preliminary examination was taken under advisement, despite no pre-trial rulings. A one-year delay in filing the motion to quash does not weigh against defendant.

PREJUDICE
The assessment of prejudice weighs three of defendant's interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility the defense will be impaired; impairment of defendant's ability to prepare his case is the most serious form of prejudice normally experienced by an accused whose trial is delayed. Barker v. Wingo, 407 U.S. at 530-531, 92 S.Ct. at 2192. See also State v. James, 459 So.2d at 1309.
*720 There is no showing the first two factors caused defendant any prejudice in this case.[8] Photographs, other documentary evidence, and live witnesses are available for preparation of a defense. Defendant's claim that other tests and studies of absent physical evidence might assist him is unsupported. Additionally, there is no showing the state was responsible for this evidence no longer being available or is at any tactical advantage.
Despite the extraordinary delay in this prosecution, the balancing of interests in these cases cannot overlook the serious consequences of the remedy of a violation of the right to a speedy trial: the "unsatisfactorily severe remedy of dismissal" of the charges when the right has been deprived. State v. Alfred, 337 So.2d 1049, 1057 (La.1976). In declining to find a deprivation of the right to a speedy trial, the Alfred court observed:
`Overzealous application of this remedy would infringe "the societal interest in trying people accused of crime, rather than granting them immunization because of legal error...." Barring extraordinary circumstances, courts should be reluctant indeed to rule that a defendant has been denied a speedy trial.' Alfred, 337 So.2d at 1057. (cites omitted)
In summary, we conclude several counterbalancing factors outweigh the seemingly inordinate inaction delay between arrest and institution of prosecution in this case. First, the filing of the bill of information was timely under the relevant prescriptive period for the crime charged. Second, the record does not disclose defendant's circumstances in the interim other than some incarceration for a period of time on an unrelated conviction. Third, there is no suggestion he has been unable to assist counsel in his defense. Considering the mutual evidentiary circumstances of the state and the defense, virtually no prejudice is suffered by defendant, and the fairness of the trial is not skewed.[9] The district court did not specify any deprivation of defendant's constitutional rights by the delay, nor does the record support any such finding. Accordingly, it is ordered the judgment of the district court granting defendant's motion to quash the bill of information be reversed and this matter be remanded for further proceedings.
REVERSED AND REMANDED.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge, concurring.
I reluctantly concur with the majority result, while wholeheartedly subscribing to its treatment of all the issues except prejudice. I concur as to that part of the opinion because I cannot say it is wrong, and the three counter-balancing factors are certainly correct. It has not escaped notice that had defendant been charged with the offense he was arrested for on June 16, 1987, negligent homicide, a relative felony, the delay for prosecution would have run by May 17, 1993, when defendant was finally charged by bill of information with manslaughter. Very curious.
I respectfully concur.
NOTES
[1] The trial court minutes reflect no oral argument on the motion, and the matter was submitted on the briefs. The facts related herein are contained in other portions of the record, including discovery matters and the transcript of the preliminary hearing.
[2] After allegedly making an inculpatory statement, defendant has maintained his innocence.
[3] The preliminary examination was conducted on October 26, 1993. After hearing testimony and argument, the court deferred the ruling to further consider whether the state offered any evidence of an unenumerated felony being committed at the time of the accident. The record does not reflect any disposition of this matter. The district court should make that determination expediently, if it has not already done so.
[4] Court minutes dated May 26, 1994, reflect the motion to suppress was under consideration that date and was granted. The written reasons dated May 26, 1994, however, show the court ruled on and granted the motion to quash. The record does not otherwise contain a disposition on either the first or second motion to suppress.
[5] Although defendant's motion to quash below also challenged the propriety of the state's bill of information charging him with felony manslaughter, that issue was not raised in the briefs to this Court and is therefore not addressed.
[6] The prescriptive period for a felony not necessarily punishable by imprisonment at hard labor is four years, with two years prescription for a misdemeanor punishable by a fine or imprisonment or both, and six months prescription for a misdemeanor punishable only by a fine or forfeiture. La.C.Cr.P. art. 572.
[7] During the preceding five years while waiting to see if he would be prosecuted, defendant was not expected to force his own prosecution. See State v. Foat, 442 So.2d 1146.
[8] It appears from defendant's rap sheet and a court order requiring defendant's appearance for a hearing that defendant was incarcerated for another crime during at least a period of the time between his arrest and billing on this crime.
[9] But see Doggett v. U.S., 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).