WHIPPLE, J.
12Pefendant, Terry Lathers, was charged by grand jury indictment with one count of second degree murder, a violation of LSA-R.S. 14:30.1. Defendant’s brother, Johnny Lathers, was charged by separate indictment with one count of second degree murder arising from the same incident as the charge against defendant. The indictments against defendant and his brother were consolidated and the State planned to try them at the same trial. Prior to this trial, issues arose regarding the admissibility of statements made by the codefendants.. Also prior to trial, Johnny Lathers entered a guilty plea to one count of manslaughter, a violation of LSA-R.S. 14:31.
Defendant filed a motion to quash the indictment based on the fact that the State failed to timely bring him to trial. The motion to quash was denied. Defendant proceeded to trial before a jury. The jury returned a verdict of guilty of second degree murder. The trial judge sentenced defendant to the mandatory term of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.
Defendant appeals, contending the trial court erred in denying the motion to quash his indictment. Finding no merit to the appeal, we affirm defendant’s conviction and sentence.
FACTS AND PROCEDURAL HISTORY
The record indicates that six years elapsed from the time defendant was indicted until his trial occurred. The issue raised in this appeal is whether this | «delay violated the provisions of LSA-C.Cr.P. art. 578.[1] Accordingly, we must examine the events that took place during the six-year period from defendant’s indictment until his trial.
On August 20, 1998, defendant was indicted by a grand jury for the second degree murder of Linda Wall. Wall was murdered on April 12, 1988. Several pretrial motions were filed by defendant. On March 28, 2000, defendant filed a motion for speedy trial. However, a minute entry dated June 22, 2000, indicates that defense counsel waived all motions and trial was set for October 23, 2000.
On August 25, 2000, defendant filed a motion to be released from custody on the basis that more than 120 days had elapsed since the indictment had been filed and he had not been brought to trial. The trial court denied defendant’s motion and defendant sought supervisory writs to this court. In State v. Lathers, 2000-2341 (La. App. 1st Cir.10/19/00) (unpublished), this court granted defendant’s writ application and vacated the decision of the trial court denying defendant’s motion to be released from custody. This court remanded the matter to the trial court for purposes of *1041 immediately relieving defendant of his bail obligation on the pending charge.
The State sought review to the Louisiana Supreme Court. In State v. Lathers, 2000-2970 (La.11/1/00), 772 So.2d 659, 659-60 the supreme court vacated the ruling of this court which ordered defendant to be released from custody and his bail obligation. The supreme court held that defense counsel had acquiesced in the October 23, 2000 trial date, which was beyond the statutory time [4delays allowed for a speedy trial under LSA-C.Cr.P. art. 701(D). Thus, the supreme court reinstated the decision of the trial court.
Accordingly, the matter remained set for trial on October 23, 2000. However, other pretrial developments prevented the case from being tried on that date. On October 19, 2000, the trial court, over defense counsel’s objection, granted the State’s motion to consolidate # 65366-F, State of Louisiana v. Terry Lathers, and # 65365-F, State of Louisiana v. Johnny Lathers for trial. On this same date, the trial court also denied defendant’s motion in limine and ruled that the portion of Johnny Lathers’ statement that interlocked with defendant’s statement could be introduced at defendant’s trial. Defendant objected to the trial court’s ruling regarding the admissibility of the interlocking portions of the videotaped statements and gave oral notice of his intent to apply for a writ of review with this court. The matter was reassigned for trial on November 27, 2000.
On November 15, 2000, this court, noting that the defendants were separately indicted, granted defendant’s writ and ruled the trial court erred in consolidating the trials of the two brothers without their consent. This court further noted that the defendants could be reindicted as codefen-dants. The issue of the admissibility of the videotaped statements was pretermit-ted by this court. State v. Lathers, 2000-2555 (La.App. 1st Cir.11/15/00) (unpublished).
The State sought review of this decision with the Louisiana Supreme Court. In State v. Lathers, 2000-3195 (La.11/22/00), 774 So.2d 984, the supreme court vacated the November 15, 2000 decision of this court and held that the trial court did not abuse its discretion in allowing an amendment that added Johnny Lathers as a defendant to the indictment of Terry Lathers, subsequently consolidating both defendants’ trials.
With the November 15, 2000 decision now reversed, this court granted a rehearing on defendant’s writ application that challenged the October 19, 2000 ] ¿rulings of the trial court. In granting rehearing, this court ruled that there was no error in the trial court’s ruling allowing the interlocking portions of the videotaped statements to be introduced at the joint trial. State v. Lathers, 2000-2555 (La.App. 1st Cir.11/22/00) (unpublished).
The November 27, 2000 trial date arrived and over the State’s objection, defense counsel’s motion for a continuance was granted, until March 2001. The trial court noted that an exact date would be set upon a meeting with the court and trial counsel.
Meanwhile, on December 15, 2000, the trial court, after reviewing the transcripts of the videotaped statements of Terry and Johnny Lathers, issued an order that each videotaped statement could be introduced in its entirety at the consolidated trial of Terry and Johnny Lathers. Defendant sought a writ of review to this court from this ruling.
*1042 On April 24, 2001,[2] this court granted defendant’s writ application and reversed the December 15, 2000 ruling of the trial court that found the videotaped statements of Terry and Johnny Lathers admissible in their entirety. This court noted that the interlocking portions of the videotaped statements were limited to the planning of the burglary. State v. Lathers, 2001-0040 (La.App. 1st Cir.4/24/01) (unpublished). The supreme court denied the State’s writ application seeking review of this ruling in State v. Lathers, 2001-1513 (La.2/8/02), 807 So.2d 862, 862-63.
On May 7, 2002, the matter came before the trial court for a status conference, and September 23, 2002, was assigned as the new trial date. There is no evidence in the record of what occurred on September 23, 2002, but it is evident no trial took place. On November 4, 2002, a trial date was reassigned and set for | r,December 16, 2002. On December 16, 2002, defense counsel once again obtained a continuance of the trial over the State’s objection, and the trial date was continued to March 24, 2003.
On March 11, 2003, the issue of exactly which portions of the videotaped statements of Terry and Johnny Lathers were admissible was raised by the State. On March 12, 2003, the trial court issued a ruling detailing the specific portions of the statements that were admissible. On March 13, 2003, defendant gave notice of his intent to seek a writ of review from the trial court’s decision. The trial court then ordered a stay of the proceedings until this court could issue a ruling on defendant’s writ application.
On May 16, 2003, this court issued a ruling on defendant’s writ application and held that a portion of Johnny Lathers’ statement previously ruled admissible by the trial court, was, in fact, inadmissible. State v. Lathers, 2003-0641 (La.App. 1st Cir.5/16/2003) (unpublished). Following this ruling; from the First Circuit, the trial date was reassigned to December 1, 2003, and again to January 13, 2004, and then to March 22, 2004.
On March 22, 2004, defendant filed a motion to quash the indictment on the basis that more than two years had passed since the date of indictment and defendant had not been brought to trial. The trial court denied this motion on March 23, 2004, and defendant sought a writ of review to this court. On June 24, 2004, this court denied defendant’s writ application with the following language:
WRIT DENIED: The delay caused by relator’s applications seeking supervisory review of various pre-trial rulings, including the trial court’s issuance of a stay of the proceedings, interrupted the time limits for trial by creating a cause for delay beyond the control of the state. See State v. Cotton, 2001-1781 (La.App. 1st Cir.5/10/02), 818 So.2d 968, writ denied, 2002-1476 (La.12/13/02), 831 So.2d 982.
State v. Lathers, 2004-0868 (La.App. 1st Cir.6/24/04)(unpublished).
^Defendant’s writ application on this issue was also denied by the Louisiana Supreme Court on July 23, 2004. State v. Lathers, 2004-1723 (La.7/23/04), 877 So.2d 995.
The record indicates that following this writ denial from the supreme court, defense counsel obtained another continuance of the trial and the trial eventually took place on September 28-30, 2004.
*1043 ASSIGNMENT OF ERROR
In his brief, defendant argues, “The issue presented turns on whether the state’s writ applications to the Louisiana Supreme Court interrupted the two year prescriptive period set forth in La.C.Cr.P. Article 578.” Defendant maintains that the State’s writ applications should be treated as “discretionary acts of the state,” and that the delays caused by such activity cannot possibly be considered as “cause beyond control of the state” that would interrupt or suspend the tolling of prescription.
Louisiana Code of Criminal Procedure article 578(2) provides that the trial of non-capital felonies must be held within two years from the date of the institution of prosecution. Institution of prosecution includes the filing of an indictment, or the filing of a bill of information, or affidavit, which is designed to serve as the basis of a trial. LSA-C.Cr.P. art. 934(7). Upon expiration of this time limitation, the court shall, on motion of the defendant, dismiss the indictment and there shall be no further prosecution against defendant for that criminal conduct. State v. Cotton, 2001-1781, p. 4 (La.App. 1st Cir.5/10/02), 818 So.2d 968, 971, writ denied, 2002-1476 (La.12/13/02), 831 So.2d 982.
An interruption of prescription occurs when the State is unable, through no fault of its own, to try a defendant within the period specified by statute. Once the cause of the interruption disappears, the time limit begins anew. See LSA-C.Cr.P. art. 579(B). Time limits are suspended when a defendant files a motion to quash or 1 Rother preliminary plea. LSA-C.Cr.P. art. 580. When the prescriptive period is suspended the relevant period is not counted, and the running of the time limit resumes when the court rules on the motions. A preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial, including properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. State v. Brooks, 2002-0792, p. 6 (La.2/14/03), 838 So.2d 778, 782 (per curiam).
The legislation fixing the time limitations for prosecution serves to establish legislative recognition of the time which the legislature has in all probability found to be a reasonable delay for prosecution. State v. Wilson, 95-0613, p. 4 (La. App. 1st Cir.4/4/96), 672 So.2d 716, 718. When the defendant has brought an apparently meritorious motion to quash based on prescription, the State bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286. The trial court cannot give the State “the benefit of the doubt” but must require the State to prove suspension or interruption of the time delays of the prosecution takes place beyond the statutory delays. See State v. Morris, 99-3235, p. 1 (La.2/18/00), 755 So.2d 205 (per curiam).
In State v. Cotton, 2001-1781 at pp. 5-7, 818 So.2d at 971-973, this court considered the effects of the trial court’s stay of proceedings to allow the State to file an application for supervisory writs, as well as the effect of the filing of the application, on the time limits for prosecution. This court specifically found that the granting of a stay in the proceedings to allow the State to take writs constituted an interruption of the time limits and that the time limits began to run anew after this court remanded the proceedings to the district court to conduct an evidentiary hearing. Although the trial court apparently did not grant another stay when the State filed an *1044 application for supervisory review on a second issue, this court found [flthat the proceedings were, in fact, interrupted by the filing of that writ application, and that the interruption lasted until the supreme court’s action on the State’s timely filed application seeking review of this court’s ruling.
In State v. Cotton, 2001-1781 at p. 7, 818 So.2d at 973, this court specifically held, “Nothing in the plain language of LSA-C.Cr.P. art. 579(A)(2) removes the delays created by courts’ appellate review of all motions or actions taken by the state from the ambit of the statutory cause for interruption or suspension.”
Moreover, in view of defendant’s contention that the State relitigated which portions of the videotaped statements of Terry and Johnny Lathers were admissible, we note that when the trial court set forth the precise interlocking statements that were admissible, it was defendant who sought appellate review of the matter, despite his earlier contention that the issue had previously been settled. We cannot fault the State for its desire to present the best case against a defendant and resolve any issue prior to trial that could result in reversible error or continued litigation. Further, it is apparent that there was still confusion as to precisely which portions of the videotaped statements of Terry and Johnny Lathers were admissible under the “interlocking” criteria until there was a final judgment detailing the exact statements that could be introduced.
We find no error in the trial court’s denial of defendant’s motion to quash the indictment due to an alleged violation of LSA-C.Cr.P. art. 578. This court expressly held in State v. Cotton, 2001-1781 at p. 8, 818 So.2d at 973, that the delays created by the prosecution’s exercise of its right to appellate review of a ruling is a “cause beyond the control of the state” under LSA-C.Cr.P. art. 579(A)(2). To hold otherwise would have a chilling effect of denying prosecutors their rights to appeal trial court rulings and impede their responsibilities to perform |intheir duties to the citizens of the state against whom crimes have been committed. State v. Cotton, 2001-1781 at p. 8, 818 So.2d at 973.
Furthermore, in the present case, we cannot say the continued litigation by the defendant over the admissibility of the interlocking portions of the videotaped statements was a delay created by the State. The State is allowed to present the best admissible evidence against a defendant in order to ensure effective prosecution. Because the State obviously felt compelled to seek a precise ruling of which portions of the videotaped statements were admissible, the appellate delays resulting from a defendant’s exercise of his appellate rights cannot be attributed to the State. Clearly, the fact that defendant and the State still disagreed over which portions of the statements were admissible leads us to conclude the issue had not been settled to any appropriate degree. The State should not be placed in a position of having to jeopardize its prosecution against a defendant because of uncertainties over the admissibility of evidence that can be resolved pri- or to trial.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant argues that at the sentencing, the trial court failed to inform defendant of the prescriptive period for filing an application for post-conviction relief. The record indicates that the trial court failed to inform defendant that the two-year period for filing an application for post-conviction relief commenced when his conviction became final. See LSA-C.Cr.P. *1045 art. 930.8; State v. Roberts, 98-1706, p. 12 (La.App. 1st Cir.5/14/99), 739 So.2d 821, 830. Accordingly, we remand the matter and order the trial court to provide defendant with written notice of the prescriptive period for applying for post-conviction relief within ten daysj^and to place confirmation of such in the record of these proceedings with the clerk of the trial court.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
McCLENDON, J., concurs and assigns reasons.

. Louisiana Code of Criminal Procedure article 578 provides:
Except as otherwise provided in this Chapter, no trial shall be commenced:
(1)In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.

. The March 2001 trial date passed pending resolution of the issue of admissibility of the videotaped statements.