PETTIGREW, J.
|2The defendant, Jerry Christopher Reed, was charged by bill of Information with simple burglary of an inhabited dwelling, in Violation of La. R.S. 14:62.2, and he pled not guilty. Subsequently, the trial court granted .the defendant’s motion to quash the bill of information based on untimely commencement of trial. The State now appeals, assigning error solely to the trial court’s ruling on the motion to quash. For the following reasons, we reverse the granting of the motion to quash and remand for further proceedings.
STATEMENT OF FACTS
The bill of information charged the defendant with committing the instant offense on or about August 28, 2008. Because the motion to quash was granted, there was no trial and, thus, the facts in the matter were not developed. Further, the facts of the offense are not pertinent to the issue raised on appeal.
MOTION TO QUASH
In its sole assignment of error, the State argues that the time limitation for commencement of trial was interrupted by the defendant’s failure to appear for trial on July 25, 2013, after having received actual notice thereof on April 4, 2013. The State further argues that the defendant’s subsequent motion to quash was premature. In support of its argument, the State relies upon La. Code Crim. P. art. 579(A)(3) and (C). The State contends that the defendant and his attorney did not provide notice to the trial court of the defendant’s whereabouts. The State argues that the interruption of prescription that occurred on July 25, 2013, continued until the defendant’s next court appearance on March 20, *731 2014, and that the State therefore had until March 20, 2016, to commence trial. The State challenges the trial court’s finding that the State should have known the defendant’s whereabouts and/or located the defendant on July 25, 2013, when the defendant failed to appear for trial due to his incarceration in another parish on an unrelated matter. The trial court thus found that the interruption of prescription ceased, and the time limitation for the commencement of trial began to run anew on July 25, 2013. Given that finding, the State argues that the pro se motion to quash filed on April 1, 2015, qualified as a preliminary plea, which pursuant to La. Code | sCrim. P. art. 580(A), suspended the running of the time limitation. The State concludes that under multiple scenarios, the time for the commencement of the defendant’s trial had not lapsed by the time he filed his pro se motion to quash, requiring reversal of the ruling by the trial court.
When a trial court denies a motion to quash, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court’s discretion. See State v. Odom, 2002-2698 (La.App. 1 Cir. 6/27/03), 861 So.2d 187, 191, writ denied, 2003-2142 (La. 10/17/03), 855 So.2d 765. However, a trial court’s legal findings are subject to a de novo Standard of review. See State v. Smith, 99-0606 (La. 7/6/00), 766 So.2d 501, 504.
Louisiana Code of Criminal Procedure article 578(A)(2) provides that a trial of noncapital felonies must be held within two years from the date of the institution of the prosecution. “Institution of prosecution” means the finding of an indictment, or, as in this case, the filing of a bill of information, or affidavit, which is designed to serve as the basis of a trial. La. Code Crim. P. art. 934(7); State v. Cotton, 2001-1781 (La.App. 1 Cir. 5/10/02), 818 So.2d 968, 971, writ denied, 2002-1476 (La. 12/13/02), 831 So.2d 982. The period of time in which trial must commence established by Article 578 shall be interrupted if the defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record. La. Code Crim. P. art. 579(A)(3). A motion to quash is the proper vehicle to assert that the time limitation for the commencement of trial has expired. La. Code Crim. P. art. 532(7). Upon expiration of this time period, the court shall, on motion of the defendant, dismiss the indictment and there shall be no further prosecution against the defendant for that criminal conduct. La. Code Crim. P. art. 581. (This right of dismissal is waived unless the motion to quash is made prior to trial.)
When a defendant has brought an apparently meritorious motion to quash based on prescription, the State bears a heavy burden to demonstrate either an interruption or a suspension of time such that prescription will not have tolled. State v. Rome, 93-1221 (La. 1/14/94), 630 So.2d 1284, 1286; State v. Lathers, 2005-0786 (La.App. 1 Cir. 2/10/06), 924 So.2d 1038, 1043, writ denied, 2006-1036 (La. 11/3/06), 940 So.2d 659. ^Ordinarily, to satisfy its burden in establishing that an interruption or suspension of the prescriptive period has occurred, the State is required to “exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him.” State v. Chadbourne, 98-1998 (La. 1/8/99), 728 So.2d 832 (per curiam). However, the Louisiana Supreme Court in State v. Romar, 2007-2140 (La. 7/1/08), 985 So.2d 722 (per curiam), resolved a split among the circuits and firmly held that “La. C.Cr.P. art. 579(A)(3) does not impose on the state the affirmative duty to search for a defendant who has failed to appear for trial *732 after receiving actual notice.” Romar, 985 So.2d at 726..
’The periods of limitation established' by Article 578 shall commence to run anew from the date the cause of interruption no longer exists. La. Code Crim. P. art. 579(B). When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the State have less than one year after the ruling to commence the trial. La. Code Crim. P. art. 580(A). For purposes of Article 580, a preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial, including properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. State v. Brooks, 2002-0792 (La. 2/14/03), 838 So.2d 778, 782 (per curiam). When the prescriptive period is suspended, the running of the time period resumes when the court rules on the motions. Lathers, 924 So.2d at 1043.
Herein, the defendant was charged with a noncapital felony, thus the State was’required to commence trial within two years of the date of the institution of the prosecution. The bill of information was filed on Ma;y 31, 2012, and the defendant’s motion' to quash based on prescription, which was apparently meritorious, was filed pro se on April 1, 2015, and by counsel on September 14, 2015. Prior to the filing'of the motion to quash, the defendant was transported from jail and appeared for a status hearing on April 4, 2013, during which he received actual notice of a court date set’for LJuly 25, 2013.[2] As previously stated herein, despite having actual notice, the defendant did not appear on July 25, 2013. The deputy present in court on that date noted that the defendant was on the jail list but that he was not located in jail. The defense attorney indicated that the defendant had bonded out since his appearance on April 4, 2013. The trial court ordered that a bench warrant be issued. The bench warrant was recalled when the defendant appeared on March 20, 2014, and informed the trial court that he had been arrested on July 18, 2013, in West Baton Rouge Parish, where he was still being housed. ,
The issue presented herein is whether prescription was interrupted under • La. Code Crim. P. art. 579(A)(3) as a result of the defendant’s failure to appear pursuant to actual notice and, if so, whether the interruption rendered the defendant’s subsequent motion to quash premature.
The record reveals the following pertinent timeline:
• On May 31, 2012, the State filed the • bill of information instituting prosecution.
• On December 4, 2012, the defendant filed a motion for preliminary examination.
• Oh March 26, 2013, the trial court signed the State’s motion and order for return of accused (housed at Avo-yelles Correctional Center), to produce the defendant for the April 4, 2013 court date.
• On April 4, 2013, the defendant appeared for a reassigned status hearing and a hearing on the motion for preliminary examination. The trial court ruled on the motion for preliminary examination, finding probable *733 cause to proceed to trial. The defendant received actual notice of a July 25, 2013 court date for motions and/or trial.
• On July 25, 2013, the defendant did not appear. The trial court ordered that a bench warrant be issued.
• On March 20, 2014, the defendant appeared, informing the trial court that he did not appear in July because he was arrested on a theft Charge on July 18, 2013, in West Baton Rouge Parish, where he was still housed at that time. The trial court recalled the bench warrant, and the matter was reassigned for motions on June 18, 2014.
• On June 18, 2014, the defendant appeared for the hearing on motions, at which time he received actual notice of a September 17, 2014 court date for a status hearing.
• On September 17, 2014, the defendant failed to appear; the clerk noted that he was not on the jail list. The trial court issued a bench warrant.
Is* On November 11, 2014, the defendant filed a pro se motion to enter a plea of guilty in absentia and resolution of detainer/attachment.
• On December 3, 2014, the defendant appeared in court, stated that he had been in jail at the Catahoula Correctional Center “since April.” The trial court recalled the bench warrant and a status conference was set for March 17, 2015.
• On March 17, 2015, the defendant appeared in court for the status conference. On joint motion of the State and the defense counsel, the matter was set for trial on September 14, 2016, and for pretrial conference on September 3, 2015.
• On April 1, 2015, the defendant filed a pro se motion to quash based on prescription and a separate pro se motion for bond reduction.
• On September 3, 2015, the defendant appeared for pretrial status conference on the instant Charge. Defendant was also arraigned on the new Charge of theft of goods. The trial court informed the State and the defense attorney of the defendant’s earlier filed pro se motion to quash. It was decided that the motion to quash would be taken up on the same date that was set for trial, September 14, 2015.
• On September 14, 2015, the defense attorney filed a counseled motion to quash on behalf of the defendant. The court noted that the motion seemed meritorious and re-set a hearing date thereon for December 8,2015.
A hearing on the motion to quash took place on December 8, 2015. At the hearing, Officer Troy Dickerson, the records officer at the West Baton Rouge Parish (WBRP) Sheriffs Office, testified that according to his records, the defendant was arrested and booked into WBRP prison on July 18, 2013, for a felony theft Charge that allegedly occurred that day.[3] In arguing that the bill of information should be quashed, the defense attorney noted that it was filed more than three and one-half years prior, and the defendant was incarcerated at the time of the issuance of a bench warrant and could not get himself to court. The defense attorney argued that the time between the issuance of bench warrants and *734 the recall of same should not extend the time limitation. The State argued that it had no idea where the defendant was on July 25, 2013, and it did not learn of his whereabouts until the WBRP prison transported him for his appearance on March 20, 2014. The State noted that prior to the July 25, 2013 court date, it filed a motion to transport the defendant from his last known place of | incarceration.[4] The trial court took the matter under advisement, and subsequently granted the motion to quash with written reasons.
In its written reasons for the ruling, the trial court found that the defendant “acted in contumacious disregard for this court’s notice to appear on July 25, 2013, as he committed an intentional crime, which the State’s witness and ‘updated rap sheet’ show.” In addition to finding that the time period in which to commence trial was interrupted on July 25, 2013, when the defendant failed to appear, the trial court found that the “for cause” suspension necessarily and simultaneously ceased when the defendant failed to appear on that date. In ruling that the time limitation began to run anew from that date, the trial court stated the following:
However, the “cause” of the interruption, though contumacious, necessarily ended when Defendant failed to appear on July 25, 2013. Mr. Reed, now incarcerated, and presumed innocent, was not held in contempt for not appearing on July 25, 2013. He was incarcerated in West Baton Rouge and presumed innocent of any charges. Prescription began anew on that date because of the State’s evidence that Defendant pled guilty, showing he did willfully violate an order to appear.
The trial court additionally found that a subsequent “failure to appear” by the defendant on September 17, 2014, after having received actual notice of that court date on June 18, 2014, did not cause an interruption of prescription at all.[5] On September 17, 2014, when the defendant failed to appear, the trial court ordered that a bench warrant be issued. Thereafter, the defendant appeared on December 3, 2015, and informed the trial court that he had been imprisoned in Catahoula Parish. The trial court recalled the bench warrant and did not hold the | ^defendant in contempt. In finding that the September 17, 2014 failure to appear did not cause another interruption, the trial court stated, “This literal ‘failure to appear’ was not ‘his’. It was the State’s.”
Regarding the actions taken by the defendant after he failed to appear in 2013, the trial court stated, “the Defendant’s actions, save the July 25, 2013 interruption, clearly reflect attempts to expedite, rather than hinder, the prosecution in this matter.” The trial court further noted that the defendant “was brought to the attention of ‘the authorities’, of both parishes, and the State,” and was therefore locatable in actuality, not just “in theory” (comparing the finding in Romar that the defen *735 dant therein was “at least in theory, locatable.” Romar, 985 So.2d at 727). Thus, the trial court ruled that the State had until July 25, 2015, to commence trial. The trial court found that the defendant’s pro se motion to quash filed on April 1, 2015, was not a preliminary plea that would further extend the time limitation.
Specifically finding that the pro se motion to quash was not proper and did not delay the trial, the trial court stated as follows:
It was on March 7, 2015 that this matter was first set for trial.[6] On that date, the matter was set for a pre-trial status conference on September 3, 2015 and for trial on September 14, 2015. Mr. Reeds [sic] pro-se Motion entitled ‘Motion to Quash’, filed April 1, 2015, did not impact prescription, despite its title. The pro-se ‘Motion to Quash’ did not effect a delay of the trial date set on March 7, 2015.
It was another attempt to alert himself to the attention of the authorities and expedite the proceedings. What the defendant requested this Court Order in that improper “Motion”, was to be released from a bond Obligation. This is clarified by the State’s filing of a “Motion to Revoke/Increase the Bail” on August 21, 2015 and the Defendant’s actions in response to that Motion.
The trial court concluded that the case had prescribed by September 14, 2015, the previously scheduled trial date and the date on which the defense attorney filed the counseled motion to quash.
| qHerein, the State did not bear a duty under La. Code Crim. P. art. 578 to monitor the status of the defendant whose arrest report shows a very lengthy history of being arrested and released by various agencies in Louisiana. State v. Baptiste, 2008-2468 (La. 6/23/10), 38 So.3d 247 (per curiam). Thus, we agree with the trial court’s finding that an Interruption of the time limitation occurred before the expiration of the initial two-year limitation when the defendant failed to appear on July 25, 2013, pursuant to actual notice.[7] Although the trial court found that the cause of interruption ceased on that date, in accordance with the Louisiana Supreme Court’s holdings in Baptiste and Romar, the State had two years from when it received actual notice of the defendant’s whereabouts to prosecute the defendant regardless of whether the defendant was locatable prior thereto. See Baptiste, 38 So.3d at 248; Romar, 985 So.2d at 727-28.
Nonetheless, even if we assume that the time limitation immediately began to run anew on the date the defendant failed to appear, the State had until July 25, 2015, to commence trial.[8] With regard *736 to the defendant’s pro se motion to quash filed April 1, 2015, prior to the expiration of the post-interruption two-year time period, we disagree with the trial court’s treatment of the motion. Lower courts must accept and consider pro se filings from represented defendants in a pre-ver-dict context whenever doing so Imwill not lead to confusion at trial. State v. Melon, 95-2209 (La. 9/22/95), 660 So.2d 466, 467.
As detailed above, the trial court considered the pro se motion as a motion to reduce or eliminate bond, as opposed to a motion to quash the bill of information, and found that it did not delay the trial. A motion to reduce bond is not a preliminary plea that operates to suspend the two-year time limitation where the motion does not concern evidentiary matters bearing on the offense and is unlikely to have caused any delay in the matter proceeding to trial. State v. Barnett, 50,213 La.App. 2 Cir. 8/12/15, 174 So.3d 748; State v. Bryant, 2011-1363 (La. App. 1 Cir. 02/10/12) (unpublished) (2012 WL 602426). In this case, the defendant filed a pro se motion to reduce bond simultaneous with the filing of the separate pro se motion to quash. The defendant’s pro se motion to quash is not only labeled as a motion to quash, the motion is in fact a proper motion to quash, which cites the applicable law regarding the time limitation for the commencement of trial and expiration thereof. The motion, in detail, specifically alleges that the time limitation for the commencement of trial has expired. Thus, considering that it would not lead to any danger of confusion, the trial court was required to consider the motion in its pre-verdict context and erred in disregarding the effect of the motion based on its plain language.
By its very terms, and as the Louisiana Supreme Court recognized in Brooks, Article 580 provides that a properly filed motion to quash is a preliminary plea that suspends the time periods set forth in Article 578. Herein, at the time the defendant properly filed his pro se motion to quash on April 1, 2015, the two-year time limitation for commencement of his trial had not yet expired. The pro se motion to quash further suspended the running of the period of limitation. Thus, the trial court erred in concluding otherwise and in dismissing the bill of information. For the reasons set forth above, we find the State’s' argument has merit and that the trial court abused its discretion in granting the motion to quash.
[^CONCLUSION
Accordingly, we vacate the quashing of the bill of information, reinstate the Charge against the defendant, and remand *737 the case for further proceedings. Prescription will Start to toll again once the reversal of the trial court’s ruling becomes final. See State v. Brocato, 99-1620 (La.App. 4 Cir. 09/15/99), 744 So.2d 178, writ denied, 99-2943 (La. 12/17/99), 751 So.2d 888. The motions to quash the bill of information filed by the defendant, pro se and counseled, are denied, and this matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Calloway, J. dissents.

. The record is unclear as to whether the July 25, 2013 court date was set for pretrial motions and/or to commence trial.

, Officer Dickerson testified that in that case, the defendant pled guilty to a misdemeanor offense on January 21, 2014, and remained imprisoned in WBRP until April 21, 2014, based on a parole violation.

. The motion and order for return of accused in the instant record, signed by the trial court judge on March 26, 2013, states that the defendant was being housed in the Avoyelles Correctional Center at that time, and Orders the Department of Corrections to produce the defendant for the April 4, 2013 court date, on which the defendant appeared and received actual notice to appear in July. Based on the record, during the interim of actual notice in April, to the failure to appear on July 25, 2013, the defendant was released from Avo-yelles Correctional Center and was thereafter (on July 18, 2013) arrested and jailed in West Baton Rouge Parish.

. We note that on June 18, 2014, the State indicated that it was ready to set the matter for trial, but was unopposed to the defense attorney’s request to set the next court date for status conference as opposed to trial.

. While the trial court references March 7, 2015, the record reflects the trial date of September 14, 2015, was set on joint motion of the parties when the defendant appeared on March 17, 2015, for a reassigned status conference.

. Although we fail to see the distinction made by the trial court between the defendant's failure to appear pursuant to actual notice on July 25, 2013, and his subsequent failure to appear pursuant to actual notice on September 17, 2014, we need not reach that issue herein as we find that the interruption that occurred on July 25, 2013, extended the time limitation for the commencement of trial such that it had not expired when the defendant filed a proper pro se motion to quash, further extending the time limitation.

.On May 23, 2013, the legislature enacted Subpart C of Article 579, which became effective on August 1, 2013, after the instant Charge against the defendant was instituted. See 2013 La. Acts, No. 6, § 1, In concluding that prescription immediately began to run anew from the date of the defendant’s failure to appear on July 25, 2013, the trial court ruled that Subpart C is inapplicable to this case. Subpart C states that if the defendant *736 fails to appear pursuant to any Provision of Article 579, and is subsequently arrested, the period of limitation shall not commence to run anew until the defendant appears in open court or the district attorney has notice of the defendant’s custodial location. It defines notice as follows: "[f]iling in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.” La. Code Crim. P. art. 579(C)(1). Below and herein on appeal, the State cited State v. Stewart, 2015-0135 (La.App. 4 Cir. 9/9/15), 176 So.3d 465, 468-69, writ pending, 2015-1845 (La. 12/16/16), 211 So.3d 1164, 2016 WL 7638365, in arguing that Subpart C retroactively applies to the instant case. The trial court found Stewart distinguishable, and noted its disagreement with the Fourth Circuit’s interpretation and retroactive application of Subpart C. Because for reasons discussed herein, we disagree with the trial court’s treatment of the defendant's pro se motion to quash herein, there is no need for this court to determine whether the cause of interruption continued beyond the date of the defendant’s failure to appear. Thus, this court need not address the issue of the interpretation and application of Subpart C of Article 579 to the instant case.