# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

NO. 2019 KW 1682

VERSUS

FREDRICK A. BAKER

FEB 1 8 2020

---

In Re:      Fredrick A. Baker, applying for supervisory writs, 21st Judicial District Court, Parish of Tangipahoa, No. 1601805.

---

**BEFORE:  HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.**  The district court's ruling denying relator's motion to quash is reversed.  The testimony at the motion to quash hearing did not demonstrate that the domiciliary service was properly executed.  Domiciliary service is properly executed "when the sheriff leaves the subpoena at the dwelling house or usual abode of the witness with a person of suitable age and discretion residing therein as a member of the domiciliary establishment of the witness."  La. Code Crim. P. art. 735.  The testimony at the hearing did not establish that the person to whom the subpoena had been given resided with relator in the domiciliary establishment.  At the hearing, the witness could not recall the gender of the person who accepted the subpoena or whether the person was related to relator.  For these reasons, the state failed to satisfy its heavy burden of proving relator had notice and failed to appear and that the time limitation for the commencement of trial was interrupted.  See **State v. Reed**, 2016-1201 (La. App. 1st Cir. 4/12/17), 218 So.3d 729, 731.  Therefore, as a matter of law, the district court erred by denying the motion to quash.  This matter is remanded to the district court for further proceedings.

**TMH**
**AHP**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT