NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 KA 0418

STATE OF LOUISIANA

VERSUS

JONATHAN RAY HARBIN

*Judgment Rendered:* **DEC 2 2 2021**

* * * * * * * *

Appealed from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Case No. 31736

The Honorable Donald Fendalson, Ad Hoc Judge Presiding[1]

* * * * * * * *

| | |
|---|---|
| Jacob Longman<br>Kathryn J. Burke<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>Jonathan Harbin |
| Scott M. Perriloux<br>District Attorney<br>Brett Sommer<br>Brad J. Cascio<br>Zachary Daniels<br>Assistant District Attorneys<br>Livingston, Louisiana | Counsel for Appellee<br>State of Louisiana |

* * * * * * * *

BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.

---

[1] The Honorable Elizabeth P. Wolfe was the presiding judge in this case. However, Judge Wolfe was elected to the Louisiana First Circuit Court of Appeal on July 11, 2020. The Honorable Donald Fendalson was the ad hoc judge that presided over the defendant's guilty plea and sentencing on July 28, 2020.

**THERIOT, J.**

The defendant, Jonathan Ray Harbin, was charged by bill of information with two counts of sexual battery, violations of La. R.S. 14:43.1, and initially pled not guilty.[2] The defendant filed a motion to quash based on the delay in the commencement of trial. After a hearing, the trial court denied the motion to quash. The defendant subsequently withdrew his previous not guilty pleas and pled guilty as charged pursuant to **State v. Crosby**, 338 So.2d 584 (La. 1976), reserving the right to appeal the trial court's denial of his motion to quash. The trial court sentenced the defendant to ten years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on each count, to be served consecutively. The defendant now appeals, assigning error to the trial court's ruling on his motion to quash. For the following reasons, we affirm the convictions and sentences.[3]

## BACKGROUND

The defendant concedes that he failed to appear at a proceeding on June 18, 2015, pursuant to actual notice. However, he maintains that on July 16, 2015, the State had notice of his location at the Idaho State Penitentiary in Ada County, Idaho, triggering the period of limitation under Louisiana Code of Criminal Procedure article 578, which requires the State to bring a defendant to trial within two years from the institution of prosecution, to commence to run anew. The defendant argues the State made inadequate efforts to obtain custody of him because it was unaware of the process and its exclusive authority to initiate extradition by filing the necessary forms. Quoting **State v. Bobo**, 2003-2362 (La.

---

[2] The defendant's name in the original bill of information included the suffix, "JR." The State subsequently amended the bill of information to remove the suffix from the defendant's name.

[3] The defendant pled guilty after the trial court denied his motion to quash, so the facts were not developed in this case. The bill of information alleges that on or about July 1, 2012 to December 31, 2012, the defendant committed two counts of sexual battery against A.H. The facts of the offenses are not relevant to the instant appeal.

2

4/30/04), 872 So.2d 1052, 1059, he contends that problems encountered by the State "in extradition or those caused by its own mismanagement cannot be charged to the defendant."

The defendant further argues that the hold placed on him by the State was insufficient to meet "the State's heavy burden of exercising due diligence in taking appropriate steps to secure his presence for trial." He contends that the State failed to produce documentation that the State of Idaho made him unavailable and never attempted to request his presence in accordance with Louisiana Code of Criminal Procedure articles 275 and 278. He maintains that the State, by its own admission, knew where he was by July 27, 2015, that the two-year period under Louisiana Code of Criminal Procedure article 578 began to run anew while he was incarcerated in Idaho, and that the two-year period elapsed on July 27, 2017.

Using the factors set forth in **Barker v. Wingo**, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), the defendant alternatively argues that the trial court erred in determining that his constitutional right to a speedy trial was not violated. Specifically, the defendant contends, "it is indisputable that the case against [him] is outside of the fundamentally guaranteed right to a speedy trial." He argues that the length of delay factor under **Barker** heavily weighs in his favor. Further noting that both Louisiana and Idaho have codified the Uniform Criminal Extradition Act and that the State knew his whereabouts, he argues that the reason for the delay falls directly on the State. The defendant further contends that although he could not assert his speedy trial rights while incarcerated, he told his public defender about his wish to do so; and in turn, his public defender told him he would need to be extradited. Citing Louisiana Code of Criminal Procedure article 535A(4), the defendant argues he affirmatively and timely asserted his right to a speedy trial, as a motion to quash can be raised at any time if the time limitation has elapsed. As for the final **Barker** factor, the defendant argues that

3

the prejudice against him is insurmountable due to the length of the delay, the complexity of the facts and the law pertaining to his case, and the possibilities of evidence spoiling and memories fading.[4]

Regarding the statutory time limitation, the State argues that it carried its burden of showing that the time delay was suspended due to preliminary pleas filed by the defense counsel, including a motion for preliminary examination that was never ruled on, largely due to the defendant's incarceration in another state. The State further argues that the time delay remained suspended until at least May 28, 2019, when the defendant's new counsel enrolled and arguably abandoned the motion. Regarding the **Barker** factors, the State notes that the delay in this case was one year and four months beyond the two-year statutory delay for commencement of trial. The State argues the defendant contributed to the length of the delay by repeatedly failing to appear. The State further notes the defendant failed to assert his speedy trial rights, as he chose not to do so in December of 2018 when he appeared. Finally, the State argues the defendant failed to show any prejudice in this case.[5]

In the instant case, the delay between the institution of prosecution and the filing of the motion to quash was five years, five months, and fifteen days. Specifically, the following timeline is reflected in the record:

- On February 2, 2015, the State filed the bill of information.

- On February 25, 2015, the defendant was arraigned and pled not guilty.

---

[4] At the hearing on the motion to quash, defense counsel did not make a constitution-based argument, specifically noting that the claim was statutory. By orally articulating a specific ground for the motion to quash at the hearing, defense counsel limited the defendant's written motion to that specific ground. See **State v. James**, 2018-0440 (La. App. 1st Cir. 11/28/18), 2018 WL 6258680, at *3. Thus, arguably the defendant is precluded from asserting on appeal that the State violated his constitutional speedy trial right. However, as the defendant did raise his constitutional speedy trial rights in his written motion, out of an abundance of caution, we will review his claim on appeal.

[5] In his reply brief, the defendant claims the State conflated the two distinct bases for asserting the right to a speedy trial by applying a **Barker** analysis to his statutory claim. However, as noted above, the State's brief presents separate analyses to address constitutional and statutory speedy trial rights.

- On April 23, 2015, the defendant appeared, and the trial court ordered the matter set for a pretrial conference on June 18, 2015.

- On June 18, 2015, the defendant failed to appear, and the trial court ordered an attachment without bond.

- On December 6, 2018, the defendant appeared in court for a pretrial conference. On motion of the defense, the trial court ordered the matter reset for motions on January 7, 2019.

- On January 7, 2019, the defendant failed to appear. The trial court issued an attachment staying execution until March 11, 2019.

- On March 11, 2019, the defendant appeared, and the trial court ordered the matter set for trial on July 29, 2019.

- On July 29, 2019, the defendant failed to appear. The trial court issued an attachment staying execution until September 26, 2019.

- On September 26, 2019, the defendant appeared, and the trial court ordered the matter set for a pretrial conference on November 4, 2019.[6] The trial court further ordered the matter set for trial on December 16, 2019.

- On December 16, 2019, the defendant appeared, and on motion of the defense, the trial court ordered the matter continued until January 16, 2020.

- On January 16, 2020, the defendant failed to appear, and the trial court ordered the matter set for trial on April 27, 2020.

- On April 27, 2020, the case was continued due to the Governor's orders regarding the COVID-19 pandemic.

- On July 17, 2020, the defendant filed a motion to quash.

- On July 27, 2020, after a hearing, the trial court denied the motion to quash.

- On July 28, 2020, the defendant withdrew his former pleas and pled guilty pursuant to **Crosby**.

At the hearing on the motion to quash, defense counsel argued that the State failed to bring the defendant to trial within two years from the institution of

---

[6] The minutes indicate that the defendant was not required to appear for the pretrial conference on November 4, 2019.

5

prosecution, as statutorily required by Louisiana Code of Criminal Procedure article 578. In response, the State initially discussed the **Barker** factors to be considered in relation to the constitutional right to a speedy trial. Relying on **State v. Manuel**, 1998-2175 (La. App. 4th Cir. 10/14/98), 720 So.2d 395, 397, the State argued that it undertook efforts during the two-year prescriptive period by placing a hold request with the Idaho Department of Corrections ("Idaho DOC"), resulting in an interruption under Louisiana Code of Criminal Procedure article 579A(2). The State further noted that the Idaho DOC did not file its release until the defendant fully served his sentence. In response, defense counsel reiterated that his argument was based on the statutory time delay, noting that the **Barker** analysis is separate. Defense counsel further argued that a "feeble attempt" by the State is inadequate, as extradition must be formally undertaken.

In denying the motion to quash, the trial court noted that the defendant failed to appear multiple times and concluded that the State did everything within its power, including the detainer sent to the Idaho DOC. The trial court further considered the **Barker** factors. In that regard, the trial court specifically found that the length of and reason for the delay was due to the defendant's incarceration, that the defendant was not greatly prejudiced by the delay, and that the defendant failed to assert his speedy trial rights in a timely manner.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues that the trial court abused its discretion in denying his motion to quash, as the two-year limitation for commencement of trial had elapsed under Louisiana Code of Criminal Procedure article 578.

## STANDARD OF REVIEW

Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court

is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. **State v. Love**, 2000-3347 (La. 5/23/03), 847 So.2d 1198, 1206. However, a trial court's legal findings are subject to a *de novo* standard of review. See **State v. Smith**, 1999-0606, 1999-2094, 1999-2015, 1999-2019 (La. 7/6/00), 766 So.2d 501, 504.

## DISCUSSION

### Statutory Speedy Trial Right

Herein, the defendant was charged with two counts of sexual battery, which are non-capital, relative felonies. La. R.S. 14:43.1C(1). Generally, the State has two years from the institution of prosecution[7] to begin trial of a non-capital felony. La. C.Cr.P. art. 578A(2). That period may be enlarged as the result of suspension under Louisiana Code of Criminal Procedure article 580, or interruption under Louisiana Code of Criminal Procedure article 579.

Article 579 provides:

A. The period of limitation established by Article 578 shall be interrupted if:

(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or

(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or

*(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.*

B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.

C. If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the

---

[7] "Institution of prosecution" includes the finding of an indictment, or, as in this case, the filing of a bill of information, or affidavit; which is designed to serve as the basis of a trial. See La. C.Cr.P. art. 934(7); **State v. Smith**, 2014–1084 (La. App. 1st Cir. 3/6/15), 2015 WL 996192, at *3, writ denied, 2015–0671 (La. 3/14/16), 189 So.3d 1067.

periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendant appears in person in open court where the case on the original charge is pending, or the district attorney prosecuting the original charge has notice of the defendant's custodial location. For purposes of this Paragraph, "notice" shall mean either of the following:

(1) Filing in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.

(2) Following the seventy-two hour hearing provided by Article 230.1 of this Code, actual notice of arrest is provided to the district attorney and filed in the record of the proceeding of which the warrant against the defendant was issued. [Emphasis added].

Once the cause of the interruption disappears, the time limit begins anew. See La. C.Cr.P. art. 579B.

Louisiana Code of Criminal Procedure article 580, concerning the suspension of the time limitations, states that "[w]hen a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the State have less than one year after the ruling to commence the trial." The prescriptive period is merely suspended until the district court rules on the filing of preliminary pleas; the relevant period is not counted, and the running of the time limit resumes when the court rules on the motions. A preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial, including properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. **State v. Brooks**, 2002-0792 (La. 2/14/03), 838 So.2d 778, 782 (per curiam); **Smith**, 2015 WL 996192, at *4.

A motion to quash is the proper vehicle to assert that the time limitation for the commencement of trial has expired. La. C.Cr.P. art. 532(7). When a defendant has brought an apparently meritorious motion to quash based on prescription, the

8

State bears a heavy burden to demonstrate either an interruption or a suspension of time such that prescription will not have tolled. **State v. Reed**, 2016-1201 (La. App. 1st Cir. 4/12/17), 218 So.3d 729, 731. As the Louisiana Supreme Court held in **Bobo**, 872 So.2d at 1055-56 (quoting **State v. Chadbourne**, 98–1998 (La. 1/8/99), 728 So.2d 832 (per curiam)), that burden ordinarily "requires the State to exercise due diligence in discovering the whereabouts of the defendant as well as taking appropriate steps to secure his presence for trial once it has found him." However, if a defendant fails to appear for trial after receiving actual notice of that date, proof of which is evident from the record, Louisiana Code of Criminal Procedure article 579A(3) does not impose on the State the affirmative duty to search for him. **State v. Romar**, 2007-2140 (La. 7/1/08), 985 So.2d 722, 726 (per curiam).

In **Romar**, the Louisiana Supreme Court resolved a split among the circuits in affirmatively holding that the burden under Article 579A(3) falls "not on the state to show that defendant had placed himself outside of its control to secure his presence at trial but on defendant and his sureties to avoid the consequences of his failure to appear in court after receiving notice..." **Romar**, 985 So.2d at 727. Further, on May 23, 2013, the legislature enacted Subpart C of Article 579, which became effective on August 1, 2013, before charges were instituted in this case. See 2013 La. Acts, No. 6, § 1. Under Subpart C, if the defendant fails to appear pursuant to any provision of Article 579 and is subsequently arrested, the period of limitation shall not commence to run anew until the defendant appears in open court or the district attorney has notice of the defendant's custodial location. Subpart C defines notice as follows: (1) filing in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney; *or* (2) following the seventy-two hour hearing provided by Louisiana

9

Code of Criminal Procedure article 230.1, actual notice of arrest is provided to the district attorney and filed in the record of the proceeding of which the warrant against the defendant was issued. La. C.Cr.P. art. 579C.

As the State instituted prosecution by filing a bill of information on February 2, 2015, the State had until February 2, 2017 to commence the defendant's trial. As of July 17, 2020, the date the defendant filed the motion to quash the bill of information, trial had not commenced. Thus, as the two-year prescriptive period for commencement of trial was exceeded, the defendant's motion, on its face, had merit. See La. C.Cr.P. art. 578A(2). Accordingly, the State had the burden to show that an interruption or suspension of the time limit tolled the running of the two-year period. See **Reed**, 218 So.3d at 731.

Initially, we note the record reflects that the defendant filed a motion for preliminary examination on March 3, 2015. However, the record does not contain a ruling thereon. We agree with the State's contention that the motion for preliminary examination would serve to suspend the time limitation until the trial court ruled on or dismissed the motion. See La. C.Cr.P. art. 580A; see also **State v. Richter**, 51,259 (La. App. 2d Cir. 8/9/17), 243 So.3d 1193, 1195-96 ("the prescriptive period was suspended ... and did not end because the record does not reflect that either [the defendant] or his defense counsel ever indicated that they were no longer pursuing, and the record does not reflect that the court ever ruled, on the motion for preliminary examination."); **State v. Broussard**, 2018-677 (La. App. 3d Cir. 3/13/19), 269 So.3d 1094, 1104-05 ("the suspension of the two-year trial limitation continues until the motions ... are disposed of by a final ruling ... or former withdrawal ... and dismissal ... at which time the time period for trial shall recommence."). In this case, as the record does not reflect a ruling on the motion for preliminary examination or an indication that the defendant or his counsel were

no longer pursuing the motion, the two-year time limitation for commencement of trial was suspended and never resumed.

Further, the record reflects that despite being present in court on April 23, 2015, when the trial court ordered the matter set for a pretrial conference on June 18, 2015, the defendant did not appear for the pretrial conference. The defendant concedes he received actual notice of the June 18, 2015 proceeding but failed to appear. He was subsequently taken into custody in Idaho.[8] Based on the defendant's failure to appear, the two-year period within which the State was required to bring the defendant to trial was interrupted. See La. C.Cr.P. art. 579A(3) & C. In the event of such an interruption, Article 579 does not require the State to search for a defendant who has failed to appear. **Romar**, 985 So.2d at 726. Rather, the limitations period begins to run anew only when the defendant appears in person in open court or the State receives notice of his custodial location, as defined in Subpart C of Article 579.

The State concedes that the Livingston Parish Sherriff's Office ("LPSO") became aware of the defendant's incarceration in Idaho by July 27, 2015. Further, the State conceded in its response to the defendant's motion to quash that it discovered that the defendant was incarcerated in Idaho shortly after he failed to appear. On November 4, 2015, the LPSO sent a detainer letter to the Idaho DOC, requesting notification of the defendant's release and further noting that the LPSO would make arrangements for transport. Based on the record, the State contends that the LPSO did not receive a response from that request until November 13,

---

[8] The defendant notes that at the time of his failure to appear, he was incarcerated in Idaho. The record specifically reflects that on April 12, 2013, the defendant entered a guilty plea in Idaho. On June 21, 2013, he was sentenced, and on June 24, 2013, he was committed to the custody of the Idaho DOC. As of January 10, 2014, the Idaho sentence was suspended, and he was placed on probation. On December 19, 2014, he waived extradition from Missouri and was returned to Louisiana. On October 30, 2015, he admitted to violating his probation in Idaho. On November 2, 2015, his probation in Idaho was revoked, and he was taken into the custody of the Idaho DOC for a period not to exceed fifteen years, with the first three years of said term to be fixed. He was given credit for five hundred sixty-three days served.

2018. The State further notes, "[t]he defendant was then rapidly returned to Louisiana to appear in court December 6, 2018." The State concedes that a Governor's warrant was not sought for extradition.

Nonetheless, the burden under Article 579A(3) falls on the defendant and his sureties to avoid the consequences of his failure to appear in court after receiving notice, and one of those consequences is the interruption of the time limits placed on trial. **Romar**, 985 So.2d at 727. The 2013 addition of Subpart C to Article 579 eliminates any doubt as to when an interruption of the time period ends and places the burden on a defendant who is subsequently arrested to take affirmative steps to end the interruption. **State v. Stewart**, 2015-0135 (La. App. 4th Cir. 9/9/15), 176 So.3d 465, 472, aff'd, 2015-1845, 2015-1846 (La. 5/12/17), 219 So.3d 306. In using the mandatory term "shall" in defining "notice," the legislature denoted a mandatory duty. **Stewart**, 176 So.3d at 473. Thus, absent an open court appearance by the defendant or actual notice of arrest being provided to the district attorney and filed in the record, the defendant or his counsel must file notice of incarceration into the court record and provide certification of notice to the district attorney. La. C.Cr.P. art. 579C; see also **Stewart**, 176 So.3d at 473. ("Had the legislature intended any other construction, it could simply have eliminated the phrase 'by either the defendant or his counsel.'").

Herein, the record does not contain any indication that the defendant or his counsel filed anything to confirm his incarceration in Idaho. Accordingly, it does not appear that the defendant took any affirmative steps to recommence the time limitation of Article 578 within the meaning of Article 579C(1). Further, the record contains no indication that actual notice of arrest was provided to the State or filed in the record as notice is defined in Article 579C(2). Thus, based on the record before us, the cause of interruption no longer existed when the defendant appeared on December 6, 2018, and prescription began to run anew from that date, giving

12

the State at least until December 6, 2020 to commence trial. Accordingly, the motion to quash filed by the defendant on July 17, 2020 was premature. Considering the suspension and interruption reflected in the record, we find that the statutory time limitation set forth in Louisiana Code of Criminal Procedure article 578 did not expire before the defendant pled guilty.

## Constitutional Speedy Trial Right

A defendant's Sixth Amendment right to a speedy trial is a fundamental right imposed on the states by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. **Klopfer v. North Carolina**, 386 U.S. 213, 222-23, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967); see also La. Const. art. 1, § 16. The right to a speedy trial attaches when an individual becomes an accused, whether by formal indictment or bill of information or by arrest and actual restraint. **State v. Odom**, 2003-1772 (La. App. 1st Cir. 4/2/04), 878 So.2d 582, 593, writ denied, 2004-1105 (La. 10/8/04), 883 So.2d 1026. The underlying purpose of this constitutional right is to protect a defendant's interest in preventing oppressive pretrial incarceration, minimizing anxiety and concern, and limiting the possibility that the defense will be impaired. **Barker**, 407 U.S. at 532, 92 S.Ct. at 2193.

The United States Supreme Court identified four factors to determine whether a particular defendant had been deprived of his right to a speedy trial, namely: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. **Barker**, 407 U.S. at 530, 92 S.Ct. at 2192. Under the rules established in **Barker**, none of the factors are regarded "as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." **Barker**, 407 U.S. at 533, 92 S.Ct. at 2193. Instead, they are related factors that must be considered together with other relevant circumstances "in a difficult and sensitive balancing process." **Id.**

13

Until there is some delay that is presumptively prejudicial, it is not necessary to inquire into the remaining factors of the balancing test. See **Barker**, 407 U.S. at 530, 92 S.Ct. at 2192. However, when a court finds that the delay was presumptively prejudicial, the court must then consider the other three factors. **State v. Elzy**, 2009-2263 (La. App. 1st Cir. 5/7/10), 2010 WL 1838321, at *7, writ denied, 2010-1281 (La. 2/8/11), 57 So.3d 328. Barring extraordinary circumstances, courts should be reluctant to rule that a defendant has been denied a speedy trial. **State v. Thomas**, 2010-1637 (La. App. 1st Cir. 5/6/11), 2011 WL 2616833, at *2. Further, when calculating the time delay in a constitutional speedy claim, when defendants are not incarcerated or subjected to other substantial restrictions on their liberty, a court should not weigh that time towards a claim under the Speedy Trial Clause. **State v. Mathews**, 2013-0525 (La. 11/15/13), 129 So.3d 1217, 1219 (per curiam) (quoting **United States v. Loud Hawk**, 474 U.S. 302, 312, 106 S.Ct. 648, 654, 88 L.Ed.2d 640 (1986)).

As noted, in this case the delay between the institution of prosecution and the filing of the motion to quash was five years, five months, and fifteen days. The defendant was not incarcerated for the instant offenses during any of the time delay. As further noted, in denying the motion to quash, the trial court found that the defendant was the reason for the delay in this case due to his incarceration in Idaho and subsequent failures to appear. The trial court further noted that the defendant did not timely assert his speedy trial rights.

Assuming for purposes of this analysis that the over five-year delay in this case was presumptively prejudicial, we will examine the reasons for the delay, the second **Barker** factor. As noted, the defendant failed to appear on June 18, 2015, despite being present in court when the trial court ordered the matter set for said date. After his release from imprisonment in Idaho, the defendant appeared on December 6, 2018. Prior to filing his motion to quash on July 17, 2020, the

14

defendant failed to appear on three additional dates, January 7, 2019, July 29, 2019, and January 16, 2020, despite being present in court when the trial court ordered the matter set for those dates.

Specifically, when the defendant appeared on December 6, 2018, at the defendant's request, the court reset the matter for a motions hearing on January 7, 2019, on which date the defendant failed to appear. The court took notice that the victim was present on that date and issued an attachment staying execution until March 11, 2019. The record reflects that on March 11, 2019, the defendant appeared, and the trial court set the matter for trial on July 29, 2019, without objection. The defendant failed to appear on July 29, 2019, but on motion of his retained counsel, the court reset the matter for a pretrial conference on September 26, 2019. The record shows that the defendant appeared on September 26, 2019, and that the matter was reset for trial on December 16, 2019, by the trial court without objection. The defendant appeared for the reset trial date on December 16, 2019; however, the record shows that the matter was again continued, on motion of the defense, to January 16, 2020, when the defendant again failed to appear. The matter was subsequently continued due to the COVID-19 pandemic. Herein, the record shows the defendant was an active party to the delay, as well as the trial court and the State.

As to the third **Barker** factor, the assertion of his speedy trial right, we note that the **Barker** balancing test allows a court to weigh the frequency and force of the objections as opposed to attaching significant weight to a purely *pro forma* objection. **Barker**, 407 U.S. at 529, 92 S.Ct. 2191. The "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." **Barker**, 407 U.S. at 532, 92 S.Ct. 2193. While the defendant now claims that he attempted to assert his speedy trial rights while incarcerated, the record is devoid of any indication as such. Further, as detailed above, the defendant repeatedly

15

delayed the trial after his release from incarceration. Based on the record before us, it appears the defendant made no formal speedy trial claim before filing his motion to quash. Given the lack of frequency and force in the defendant's assertion of his speedy trial claim, the assertion by way of the filing of the motion to quash is not entitled to significant weight. See **Barker** 407 U.S. at 535-36, 92 S.Ct. 2194-95; **Love**, 847 So.2d at 1212.

Regarding the final **Barker** factor, actual prejudice to the accused, to the extent that the defendant may have suffered prejudice based on a loss of evidence or a witness, we note that the State may have suffered prejudice as well on the basis of a loss of evidence. We further observe that the delay in the present case does not necessarily inure solely to the detriment of the defendant because "time can tilt the case against either side ... [and] one cannot generally be sure which [side] it has prejudiced more severely." **Doggett v. United States**, 505 U.S. 647, 655, 112 S.Ct. 2686, 2693, 120 L.Ed.2d 520 (1992). Moreover, the defendant failed to provide specific details as to how his defense was affected by the delay. See **State v. Dyer**, 2006-0619 (La. 7/11/06), 933 So.2d 788, 792 (per curiam), cert. denied sub nom.; **Thomas v. Louisiana**, 549 U.S. 1122, 127 S.Ct. 945, 166 L.Ed.2d 722 (2007) (where despite the defendants' claim that they had lost two important witnesses, one of whom they claimed had died, the Court found the defendants failed to show specific prejudice from the delay absent details as to why those witnesses were material). Further, the record is devoid of any indication of a bad faith effort by the State to secure a tactical advantage.

Based on our examination of the four **Barker** factors considered by courts in determining whether the defendant's constitutional right to a speedy trial has been violated, we find no violation of the defendant's constitutional right. Further, as detailed above, based on the record, the statutory time limitation set forth in Louisiana Code of Criminal Procedure article 578 did not expire. For the above

16

reasons, we find no abuse of discretion in the trial court's ruling denying the motion to quash.

**CONVICTIONS AND SENTENCES AFFIRMED.**

**STATE OF LOUISIANA**

**VERSUS**

**JONATHAN RAY HARBIN**

*************************************************

**McClendon, J., concurring.**

Given the specific facts and circumstances of this case, I concur in the result reached by the majority.